[No. 534.  Decided January 29, 1889.]

E. S. BROWN, *Receiver of the Northwestern Manufacturing & Car Company*, v. JOHN W. RAUCH.

### RECEIVERS — LEAVE TO SUE — WAIVER.

A receiver cannot be sued except upon leave of the court appointing him, first obtained.

Leave to sue a receiver is jurisdictional, and cannot be waived by him, and under Code Wash. T., § 81, the question may be raised at any stage of the case in the district or supreme court.

*Appeal from District Court, Garfield County.*

*Elmon Scott, and Allen, Gose & Crowley,* for appellant.
*Cosgrove & Godman,* for appellee.

The opinion of the court was delivered by

BURKE, C. J.—This was an action brought by John W. Rauch, the appellee, against E. S. Brown, the appellant, as receiver of the Northwestern Manufacturing & Car Company. The object of the action was to recover the sum of $436 for services claimed to have been rendered to the receiver as such. The plaintiff set forth in his complaint that the Northwestern Manufacturing & Car Company was a corporation duly incorporated under the laws of the State of Minnesota; that it was authorized by its charter to transact business in Washington Territory; that it had complied with the laws of Washington Territory respecting foreign

corporations, so as to entitle it to do business within the territory; that a court of competent jurisdiction in the State of Minnesota had duly and regularly appointed E. S. Brown receiver of this company; and that E. S. Brown had accepted the appointment, and had duly qualified as such receiver, and thereupon had entered upon the discharge of his duties as such receiver, and has ever since been, and is now, the receiver of the Northwestern Manufacturing & Car Company. The plaintiff further set forth in his complaint that about April 13, 1886, in Garfield county, Washington Territory, he entered into an oral contract with the receiver, by the terms of which plaintiff undertook to sell and to assist in selling certain machinery belonging to the Northwestern Manufacturing & Car Company upon a commission of ten per cent., and that he subsequently, in pursuance of this employment, sold and assisted in selling, in Garfield county, Washington Territory, machinery to the amount of $4,230. The complaint contains a second cause of action for $13 for services as a mechanic, rendered by one D. C. Gardner, which claim was assigned to the appellee (plaintiff in the court below). To this complaint the defendant—that is, the receiver—answered, admitting the organization of the company, and the appointment of defendant as receiver, his acceptance and qualification. The case was tried before a jury, and a verdict was rendered for the plaintiff in the sum of $326, and judgment was given accordingly. From this judgment an appeal was taken to this court. The appellant, who is the receiver, asks for a reversal of the judgment of the court below upon two grounds, viz.: (1) That the court below had no jurisdiction over the receiver, inasmuch as leave to bring the action was not obtained from the court by which the receiver was appointed; (2) that there is no evidence to sustain the verdict.

The general rule was not questioned in argument that before an action can be brought against a receiver leave of

the court appointing him must be obtained, but it was contended on behalf of the appellee that this question cannot be raised in this court for the first time; that by appearing, answering and going to trial in the court below the receiver waived his right to raise this question; that after submitting himself to the jurisdiction of the trial court, and taking his chances of success upon the trial there, he should not now be heard to question the jurisdiction of that court. If it were competent for the receiver to waive the objection to the jurisdiction of the court, under such circumstances, undoubtedly the contention of the appellee would be sound; for, while it is a familiar principle that consent cannot confer jurisdiction, yet it has always been held that in a certain sense jurisdiction of the person may be conferred where, for example, personal service being defective or irregular, the party, by appearing and submitting himself to the jurisdiction of the court waives the question of personal service, and to that extent confers jurisdiction. *Brown v. Webber*, 6 Cush. 560. But a receiver cannot do this, and for reasons arising out of the nature of his office. " The receiver is appointed upon a principle of justice, for the benefit of all concerned. . . . He is virtually a representative of the court, and of all the parties in interest in the litigation wherein he is appointed. . . . Money or property in his hands is *in custodia legis.* He has only such power and authority as are given him by the court, and must not exceed the prescribed limits. The court will not allow him to be sued touching the property in his charge, nor for any malfeasance as to the parties, or others, without its consent; nor will it permit his possession to be disturbed by force, nor violence to be offered to his person while in the discharge of his official duties." *Davis v. Gray*, 16 Wall. 203. If a receiver could be sued in any court without the consent of the court by which he was appointed, the latter court would be without control of the trust property. The property might at any time be taken

out of the hands of the court and receiver, and it would be impossible for the court to discharge its duty to preserve the property and distribute the proceeds among those entitled to it according to their priorities. *Barton v. Barbour*, 104 U. S. 126.

The receiver, as we have seen, is but the representative of the court; and the power to grant leave to bring suit against the receiver belongs, not to the receiver, but to the court which appoints him. The receiver cannot do indirectly what he has not the power to do directly. He has no right to take a step or do an act the result of which would be to defeat the object of his appointment, or embarass the court in the administration of the trust property. The very object of the rule in question is to enable the court to keep the trust property at all times within its control. This it could not do if the receiver might be sued without its leave, or, perhaps, without its knowledge, in any other court or jurisdiction. On the other hand, no harm can come from the strict observance of this rule. All parties dealing with a receiver are bound to take notice of the limitations of his power; and no one can therefore complain of having been misled by him when he goes beyond his prescribed powers. The leave to prosecute a receiver is a jurisdictional fact, and cannot be waived by any action of the receiver; and this question of jurisdiction can be raised at any stage of the case, either in the district or supreme court. Code Wash. T., § 81. That the leave to prosecute an action against a receiver is a jurisdictional fact has been definitely settled, so far as this court is concerned, by the decision of the supreme court of the United States in the recent case of *Barton v. Barbour*, 104 U. S. 126. A different rule is followed by the courts of some of the states of the Union; but, as this court is bound by the decisions of the supreme court of the United States, a discussion of cases holding a different doctrine would serve no useful purpose.

The decision of this question renders it unnecessary for us to consider the other question in the case. Judgment of the court below will be reversed, and the case remanded, with instructions to dismiss the action.

ALLYN and NASH, JJ., concur.