[No. 1506. Decided January 8, 1895.]

JOHN WOODING, *Respondent*, *v.* J. WOODING & COMPANY, *Respondents*, W. I. VAIL ET AL., *Appellants*.

APPEALABLE ORDER—REMOVAL OF RECEIVER.

A judgment creditor, who is not a party by intervention or otherwise to the action in which a receiver for his debtor was appointed, is not entitled to appear in such action without leave and move to vacate the order appointing the receiver.

In such case, an order denying the motion is not appealable.

*Appeal from Superior Court, King County.*

*H. E. Snook*, for appellants.

*S. H. Piles* and *I. B. Knickerbocker*, for respondent.

The opinion of the court was delivered by

STILES, J.—Upon the complaint of a stockholder of the corporation known as J. Wooding & Company, the superior court appointed a receiver of the corporate property, whereupon appellants, who were judgment creditors, filed a motion in the stockholder's action, to vacate the order appointing the receiver. In aid of this motion an affidavit was filed showing the judgment obtained by affiants, that the plaintiff in the original case was the president of the corporation, and that no notice of the application for a receiver was given to affiants; it was also alleged that the complaint did not state facts sufficient to entitle the plaintiff to the appointment of a receiver. The court heard the motion, but denied it, and this appeal is from that order.

A motion was made to strike respondent's brief, but we shall not discuss or decide it, as the result would be the same whether the respondent had filed a brief or not.

Appellants' first point is that there was really no action pending, but that the receivership was a collusive proceeding between the nominal plaintiff and the corporation, intended to get the property into the hands of a receiver for the purpose of hindering and delaying creditors. So far as the collusion is concerned, nothing is more common than for a receiver to be appointed to care for the assets of an insolvent corporation and distribute its assets ratably among its creditors, at the suit of a creditor, a stockholder, or of the corporation itself. And nothing is more proper. But when such a receivership is procured for the purpose of hindering and delaying creditors, the proceeding is obnoxious to a charge of fraud, and can be set aside in the same way as any other act, instrument or proceeding done, made, or taken, either in or out of a court; that is, by an action brought by some aggrieved party.

And this leads us to scan the method by which the appellants have sought to set aside the order appointing this receiver. Creditors are not made parties to such actions, and appellants were not parties in this case. They were not in-

tervenors, because the statute governing interventions does not cover such cases, and because they took none of the steps prescribed for the accomplishment of an intervention.

They simply filed a motion without leave, and proceeded to argue the matter as though their motion were a demurrer to the sufficiency of the complaint.   Upon what specific ground the motion was denied we are not informed ; but the more appropriate action would have been to strike the motion and affidavit from the files.

As to the appeal, the condition of the case as stated, leaves us nothing to consider.   The order complained of was not appealable for it did not, and in its nature could not, affect any substantial right of the appellants, and we have nothing either to reverse or affirm.   We can only dismiss.   To accomplish what they seek, appellants must have commenced an equitable action, based on an alleged fraudulent contrivance to hinder and delay them from collecting their judgment through the interposition of a sham receiver.   When they have done that they will have the foundation for some very pertinent evidence in the shape of the complaint filed by the respondent.

Appeal dismissed.

DUNBAR, C. J., and Hoyt, J., concur.