[No 2423. Decided November 13, 1896.]

## The State of Washington, on the Relation of Mary Nolte et al., v. Superior Court of King County, J. W. Langley, Judge.

GARNISHMENT — BRINGING IN NEW PARTIES — PROCESS — WRIT OF PROHIBITION — COSTS.

The superior court has no authority in a garnishment proceeding to make an order directing that a person not regularly served shall be made a party defendant, although it may appear from the answer or examination of the garnishee that such person is a necessary party.

Upon the issuance of a writ of prohibition restraining action on the part of the superior court, the costs should be taxed against the party in the original action at whose instance the court was proceeding unlawfully.

*Original Application for Prohibition.*

*Condon & Wright,* for relators :

The superior court has no jurisdiction to bring in Mary Nolte as a party without service of summons and complaint or other process prescribed by statute. The order of the superior court in effect requires Mrs. Nolte to appear, affirmatively to plead and to assume the burden of proof. Courts can acquire jurisdiction only by proceeding in regular and orderly course in

the manner prescribed by statute. They cannot dispense with the service of process and the filing of pleadings nor can they shift the burden of proof. *State, ex rel. Dodge, v. Langhorne,* 12 Wash. 588; Brown, Jurisdiction, §§ 1, 3, 40, 41, and notes.

The nature of the suit before the superior court was not such that the court could have ordered Mrs. Nolte to be made a party against her will even by the service of process otherwise proper in form. *Marx v. Parker,* 9 Wash. 473 (37 Pac. 675, 43 Am. St. Rep. 849); *A. H. King Co. v. Seed,* 25 N. Y. Supp. 1115; *Chapman v. Forbes,* 26 N. E. 3.

Where a lower court has assumed to entertain a cause without jurisdiction or in excess of its jurisdiction and threatens to proceed with the trial of the same in the face of objection made upon the ground of its lack of jurisdiction, a writ of prohibition will issue from this court to prevent it from proceeding further with the cause. *North Yakima v. Superior Court,* 4 Wash. 655; *State, ex rel. Cummings, v. Superior Court,* 5 Wash. 518; *State, ex rel. Dodge, v. Langhorne,* 12 Wash. 588.

Costs should be taxed against Alpheus Byers the plaintiff in the superior court. *State, ex rel. Cummings, v. Superior Court,* 5 Wash. 518.

*Ovid A. Byers,* for respondent.

The opinion of the court was delivered by

Scott, J.—This is an application for a writ of prohibition based upon the following facts: One Byers obtained a judgment in the superior court of King county against one Nolte, and thereafter caused a writ of garnishment to be issued against the Eureka Coal Company. Said company appeared and answered, de-

nying any indebtedness to the principal defendant, but it appeared that it had executed a note payable to him, which, however, was alleged to be the property of his wife, the relator.   Thereupon, upon an affidavit and application of the plaintiff, the court issued an order reciting that the relator was a necessary party to said controversy; and further that it was " therefore ordered that said Mary Nolte be and she hereby is made a party defendant hereto, and she is hereby required to file in this court within twenty days from and after the service on her of a copy of this order, together with a copy of the aforesaid affidavit, her answer setting up her claim, if any, to the note and mortgage;" and that otherwise her default would be entered.

The court had no authority to proceed in any other way than the regular one, by the service of the process provided by statute, to make the relator a party, and the writ should issue, with costs against the plaintiff in the original action.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.