CURTIS, RECEIVER, *v.* MAUGER, ADMINISTRATRIX.

[No. 22,879. Filed December 13, 1916. Rehearing denied February 16, 1917.]

1. RECEIVERS.—*Actions Against.*—*Leave to Sue.*—*Pleading.*— Where an action is brought against a receiver in the court appointing him, leave of court to bring the action is not a prerequisite to the court's jurisdiction, and the want of such an allegation in the complaint does not render it insufficient to withstand a demurrer. p. 122.

2. CARRIERS.—*Railroads.*—*Action for Wrongful Death.*—*Complaint.*—*Allegation of Negligence.*—*Sufficiency.*—In an action against a railroad company for wrongful death, a general averment in the complaint that defendant railroad carelessly and

Curtis, Receiver, *v.* Mauger—186 Ind. 118.

negligently caused a coach to be suddenly and violently started over and along the line of its railway at a certain point without warning to decedent, is sufficient to charge negligence and renders the complaint good in that respect as against demurrer and, if defendant desires a more definite allegation of the acts and conduct relied on as negligence, it is its duty to move that the complaint be made more specific.  p. 122.

3.  NEGLIGENCE.—*Elements.—Ordinary Care.—Averments.*—Negligence is a failure to use ordinary care under the circumstances, and an allegation that an act was negligently done amounts to charging that ordinary care required that it should not have been done at all, or that it should have been done in some other way, and that the doing of the act was not consistent with the exercise of ordinary care under the circumstances.  p. 123.

4.  CARRIERS.—*Railroads.—Injury to Person on Tracks.—Complaint.—Averments.—Sufficiency.*—In an action against a railroad company for wrongful death, an averment in the complaint that decedent was suddenly and violently struck by a coach which was caused to be moved along defendant's tracks by reason of the aforesaid negligence, is a sufficient allegation of the cause of decedent's injury in the absence of a motion to make the complaint more specific, where there was a prior averment that defendant negligently failed to equip its car and engine with automatic couplers as required by statute.  p. 123.

5.  CARRIERS.—*Railroads.—Injury to Person on Tracks.—Contributory Negligence.—Jury Question.*—In an action against a railroad company for the death of one killed by a coach which was struck by an engine, causing it to run over decedent, who, at the time, was walking from the place where passengers were usually received toward the point at which the coach was standing without a locomotive attached, where there was evidence that defendant's brakeman directed waiting passengers to go to the car, and the jury's answers to interrogatories show that, although decedent could have waited and boarded the coach at the usual place, he walked toward it between the rails, that he did not know of the approach of the locomotive and could not have discovered it by looking and listening, and that he could not have safely walked beside the track because of obstructions, it cannot be said as a matter of law that decedent was guilty of contributory negligence.  p. 124.

6.  WITNESSES.—*Cross-Examination.—Scope.*—Where, in an action for death by negligence, plaintiff's witness testified that decedent's reputation for sobriety was good, a question on cross-examination inquiring whether the witness did not know that a

bottle of whisky was found on decedent's body was properly excluded in the absence of evidence that decedent was intoxicated at the time of the injury, as the testimony sought to be adduced by the question would have no probative value in determining decedent's habits, and would have tended to prejudice plaintiff's case. p. 125.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by Minnie E. Mauger, administratrix of the estate of John W. Mauger, deceased, against John C. Curtis, receiver. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Lesh & Lesh* and *E. C. Vaughn,* for appellant.

*Earl J. Walker, Simmons & Dailey* and *Cline & Cline,* for appellee.

LAIRY, C. J.—Appellee recovered a judgment of $7,500 as damages occasioned by the death of John W. Mauger through the negligence of appellant in the operation of the railroad of which he was receiver.

The complaint consists of five paragraphs to each of which a demurrer for want of facts was addressed, which demurrer was overruled. By the first and fifth paragraphs it was alleged that on December 14, 1912, John E. Curtis was duly appointed receiver of the Cincinnati, Bluffton and Chicago Railroad Company and that he was operating that road as a common carrier at the time of the accident to plaintiff's deceased. These paragraphs also allege that leave was first asked and granted by the Huntington Circuit Court to maintain this action against such receiver. The second, third and fourth paragraphs of complaint do not allege these facts and appellant asserts that the demurrer to these paragraphs should have been sustained for that reason and that the action of the court in overruling the demurrer to such paragraphs is reversible error.

In the case of *Barton* v. *Barbour* (1881), 104 U. S.

126, 26 L. Ed. 672, it was held that leave of the court appointing a receiver must be obtained as a jurisdictional prerequisite to maintaining an action against him in another jurisdiction. This case has been followed in this State, where it was held that a complaint against a receiver was insufficient for want of facts where it contained no allegation showing that leave to bring the action had been obtained from the court which appointed such receiver. *Keen* v. *Breckenridge* (1884), 96 Ind. 69. In some states it is held that permission to bring an action against a receiver from the court making the appointment is not essential to jurisdiction even when the action is brought in another court. *Kinney* v. *Crocker* (1864), 18 Wis. 80; *St. Joseph, etc., R. Co.* v. *Smith* (1877), 19 Kan. 225; *Allen* v. *Central R. Co.* (1876), 42 Iowa 683. These cases hold, in substance, that the court appointing the receiver has the undoubted right to draw to itself all controversies to which such receiver is a party; but that it does so only by acting directly upon the parties, as by proceedings for contempt, injunctions or stay of proceedings; and that, if its authority in equity is not interposed to arrest the progress of the case, the judgment of the court in which the action is brought cannot be questioned because of such want of authority.

As before stated, Indiana belongs to the list of states which follow the rule adopted by the Supreme Court of the United States. As a reason for this rule it is stated that it is necessary to prevent one creditor or set of creditors from obtaining an undue advantage over others in the enforcement of their claims; otherwise courts outside the jurisdiction of the court which appointed the receiver might proceed to judgment and sell the property within their reach under execution, and the appointing court would be powerless to prevent the injustice. Beach, Receivers §655. The reason for the

rule as thus stated can have no application where the action against the receiver is brought in the same court which appointed him. *Payson* v. *Jacobs* (1905), 38 Wash. 203; *Mavor* v. *Northern Trust Co.* (1900), 93 Ill. App. 314; *Ratcliff* v. *Adler* (1903), 71 Ark. 269. In states where the law and equity side of the court are still preserved there might be some reason for the rule, as receivers are appointed by the equity side and the action brought in the law side; but in this State all distinctions between actions at law and suits in equity as to pleading and practice are abolished. §249 Burns 1914, §249 R. S. 1881.

1. This action having been brought in the court which appointed the receiver, leave of court to bring the action was not a prerequisite to the court's jurisdiction, and the want of such an allegation in the complaint does not render it insufficient to withstand a demurrer.

2. Appellant claims that the several paragraphs of the complaint are insufficient in that they fail to charge negligence and also fail to charge that the negligence of appellant was the proximate cause of the injury. We have examined each of the paragraphs and find that none of them is open to the objections urged. Appellant asserts that it is not a sufficient statement of the negligence of appellant to allege that appellant carelessly and negligently caused the coach to be suddenly and violently started over and along the line of its railway at said place without warning to plaintiff's decedent. It has been held repeatedly that an allegation of this kind is sufficient to make a complaint good as against a demurrer. If appellant desired a more definite allegation of the acts or conduct relied on as negligence, he should have made a motion for an order requiring the complaint to be made more specific.

Negligence is a failure to use ordinary care under the circumstances, and an allegation that an act was negligently done amounts to saying that ordinary care required that it should not have been done at all, or that it should have been done in some other way; and that the doing of the act was not consistent with the exercise of ordinary care under the circumstances. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739.

3.

The negligence charged in the fourth paragraph is that the car and engine used by appellant were not equipped with automatic couplers as required by the statute of this state. Appellant asserts that this paragraph fails to allege that the negligence in failing to use automatic couplers caused the injury of which appellee complains. There is no merit in this contention. This paragraph directly alleges that plaintiff's decedent was suddenly and violently struck by the car which was caused to be moved over and along the defendant's railroad at said place by reason of the aforesaid negligence. Such an allegation is sufficient in the absence of a motion for an order to make the complaint more specific. There was no reversible error in overruling the demurrer to the several paragraphs of complaint.

4.

The record discloses that appellant was engaged as receiver in operating the Cincinnati, Bluffton and Chicago Railroad as a common carrier of passengers and appellee's decedent purchased a ticket and desired to take passage on a car propelled by steam power which was due to leave Huntington at about seven o'clock p. m. on the day he was killed. It appears that the railroad company which appellant was operating did not maintain a regular station and platform at Huntington where passengers were received and discharged but

that it was its custom to receive passengers at a cement sidewalk on Front street just north of its terminal grounds. On the evening of the accident the car had been placed at this sidewalk for the purpose of receiving passengers but for some reason it coasted down into the yards about 150 feet from the street where it was standing without any locomotive attached at the time appellee's decedent desired to get on board. Having purchased a ticket, appellee's decedent walked down the track approaching the place where the car was standing with the intention of entering said coach as a passenger. While he was approaching from the north an engine was approaching from the south for the purpose of forming a coupling with said coach. When appellee's decedent was within a few feet of the rear end of the coach the engine struck the other end with great force, causing it to move rapidly backward about two-thirds of the length of the coach. In moving backward the coach struck appellee's decedent, who was walking between the rails, and caused his death. The cause of the locomotive's striking the coach with such violence was the failure of the air brakes to work. Appellant does not deny negligence on the part of his employes, but asserts that the evidence and the facts found by the jury in answer to interrogatories show that appellee's decedent was guilty of contributory negligence.

The court did not err in overruling appellant's motion for judgment on the interrogatories notwithstanding the general verdict. It cannot be said as a matter of law upon the facts there found that appellee's decedent did not exercise ordinary care. These answers show that, if he had waited at Front street, the coach would have been backed up and that he could have boarded it at the usual place, but there is evidence to show that a brakeman in the employ of appellant told the passengers waiting at Front

street to go down to where the coach was standing. The answers show that in approaching the car he walked between the rails and that he was between the rails when the car was pushed against him; that the entrance to the car was on the side and not at the end; that the locomotive approached from the round house on a curved track and that the bell was ringing as it left the water tank 300 feet distant from the coach, but that it was not rung afterward as the engine approached the coach. One answer showed that appellee's decedent did not know of the approach of the locomotive to the coach and that he could not have discovered its approach by looking and listening. The answers also show that he could not have walked by the side of the track in safety as he approached the coach on account of obstructions consisting of gravel piles, weeds and holes in the ground. Under such a state of facts the question of contributory negligence was clearly one for the jury. This question was determined by the general verdict against appellant, and is amply supported by the evidence.

Instruction No. 10 given by the court is not open to the objection urged against it.

A witness introduced by appellee testified that he knew the habits of deceased with reference to sobriety and industry and that they were good. On cross-examination appellant asked this witness if he did not know that a bottle of whisky was found in his pocket at the time his body was taken from under the coach. The court very properly sustained an objection to this question. It is not claimed that there was any evidence in the case to show that decedent was intoxicated at the time he was injured, and proof that he had a bottle of whisky on his person at that time would furnish no proof that he was not a man of sober and industrious habits. Such evidence, if admitted,

could have produced no other effect than to prejudice the minds of the jury.

The motion for a new trial was properly overruled. Judgment affirmed.

NOTE.—Reported in 114 N. E. 408. Jurisdictional character of the leave of court to sue a receiver, 74 Am. St. 287. See under (1) 34 Cyc 411, 417, 439. (2) 31 Cyc 282; 29 Cyc 507; (4) 6 Cyc 627; 10 C. J. 1002; (6) 40 Cyc 2497.