[No. 14099.  Department One.  January 7, 1918.]

SCHWABACHER BROTHERS & COMPANY, INCORPORATED, *Plaintiff*, v. SCHADE & PARSHALL COMPANY, *Defendant*.

L. H. MACOMBER, *as Receiver of Schade & Parshall Company, Appellant*, v. FULLER-QUIGG COMPANY, *Respondent*.[1]

RECEIVERS—LEAVE TO SUE—DISCRETION. It is discretionary with the court appointing a receiver of a corporation to determine whether an action may be prosecuted against the corporation in another county, treating the same as an action against the receiver, or to require it to be litigated in the receivership proceeding.

SAME—LEAVE TO SUE—FAILURE TO OBTAIN LEAVE. The refusal of a court appointing a receiver of a corporation to enjoin an action against the corporation in another county, treating the same as an action against the receiver, is in effect the granting of leave to sue the receiver, and cures the failure to obtain leave to sue, which was a mere irregularity.

SAME—ACTIONS—LEAVE TO SUE. Where a receiver of a corporation was appointed in an action upon a note brought in King county, pursuant to a provision in the note authorizing suit in such county, it is not an abuse of discretion to refuse to enjoin the prosecution of an action in C. county against the corporation to foreclose a chattel mortgage, assuming that the action was an action against the receiver.

[1]Reported in 169 Pac. 783.

Appeal from an order of the superior court for King county, Jurey, J., entered March 10, 1917, denying the application of a receiver for an injunction, after a hearing before the court. Affirmed.

*Leopold M. Stern* (*J. T. Watson*, of counsel), for appellant.

*Reeves & Reeves*, for respondent.

PARKER, J.—This is an appeal by the receiver of Schade & Parshall Company from an order of the superior court for King county denying an application of the receiver for the vacation of an order setting aside a temporary restraining order, which order setting aside the temporary restraining order was in effect a denial of an application of the receiver for an injunction. As we proceed we think it will appear that this is nothing more than an attempt to review and reverse the action of the superior court in denying an application for an injunction.

The controlling facts may be summarized as follows: On December 8, 1916, Schwabacher Brothers & Company, it being engaged in the wholesale merchandise business at Seattle, in King county, commenced an action in the superior court for that county against Schade & Parshall Company, it being engaged in the retail business at Wenatchee, in Chelan county, seeking recovery upon a promissory note executed by the latter. The action was instituted in King county because of a provision in the note stipulating that action upon the note might be had in that county. Schwabacher Brothers & Company also prayed for the appointment of a receiver for Schade & Parshall Company, upon the ground of the insolvency of that company. On December 22, 1916, the superior court for King county entered its order in that action appointing L. H. Macomber temporary receiver of Schade & Parshall Company, and thereafter made such appointment permanent. On December 22, 1916, the same day that the temporary receiver was appointed by the

King county court, Fuller-Quigg Company commenced an action in the superior court for Chelan county against Schade & Parshall Company seeking foreclosure of a chattel mortgage executed by that company upon its stock of merchandise in Wenatchee to secure certain indebtedness due or to become due from it to Fuller-Quigg Company.

On January 10, 1917, Macomber, as receiver for Schade & Parshall Company, petitioned the superior court for King county, in the action in which he was appointed receiver, for a temporary restraining order and an injunction restraining and enjoining Fuller-Quigg Company from prosecuting its action to foreclose its chattel mortgage in the superior court for Chelan county, proceeding upon the theory that it should be compelled to litigate its claimed rights under its chattel mortgage in the receivership proceedings in King county. On the same day, without notice to Fuller-Quigg Company, the superior court for King county issued a temporary restraining order, returnable January 20, 1917, bond having been given by the receiver as required by the court, temporarily restraining Fuller-Quigg Company from prosecuting its chattel mortgage foreclosure action in the superior court for Chelan county. The matter came on for hearing and was heard on January 20, when the court took under advisement the question of whether or not it would issue an injunction as prayed for by the receiver. No order was then made continuing the restraining order in force.

On February 26, 1917, the court entered a formal order disposing of the matter, which in terms dissolved the temporary restraining order, but in effect, as we view the matter, was nothing more than a denial of the receiver's prayer for an injunction against the prosecution of Fuller-Quigg Company's chattel mortgage foreclosure in Chelan county. On March 5, 1917, Macomber moved the superior court to set aside its order dissolving the restraining order and denying a temporary injunction, which motion coming on for hear-

ing on March 10, 1917, was by the court denied and an order entered accordingly.

While this order of March 10, 1917, is the only order mentioned in the receiver's notice of appeal as being appealed from by him, his counsel's argument is addressed to his claim of error on the part of the superior court in not continuing in force the temporary restraining order as an injunction, enjoining the prosecution of the chattel mortgage foreclosure of Fuller-Quigg Company in the superior court for Chelan county. Assuming, for the sake of argument, that the receiver's appeal so taken can draw in question here this claim of error, it seems plain to us that in no event is any question here presented touching the merits of the controversy other than the question of whether or not the superior court for King county abused its discretion in refusing to enjoin the prosecution of the foreclosure action of Fuller-Quigg Company in the superior court for Chelan county; that is, the superior court for King county, if it had any power in the premises at all, possessed only such power with reference thereto as a court of equity exercises when it permits, or refuses to permit, its receiver to be sued in an independent action by one asserting his claim against property which is the subject of a receivership under its control. The action of Fuller-Quigg Company seeking foreclosure of its chattel mortgage in the superior court for Chelan county was not even against Macomber, the receiver appointed by the superior court for King county. But even if it were, whether such an independent action could be waged against the receiver by Fuller-Quigg Company, or that company should be compelled to litigate its claim in the receivership proceedings in King county, would be determinable as a matter of discretion by the superior court for King county. *Blake v. State Savings Bank*, 12 Wash. 619, 41 Pac. 909; 34 Cyc. 420; High, Receivers (4th ed.), § 254b. Nor would the failure of Fuller-Quigg Company to first obtain permission of the King county court to sue the receiver be any-

thing more than a mere irregularity, curable by later obtaining such permission, which was in effect granted by the court's refusal to enjoin the independent foreclosure action, if we assume that that action was in effect a suing of the receiver. *Washington Trust Co. v. Local and Long Distance Tel. Co.*, 73 Wash. 627, 132 Pac. 398. We note in this connection that this record at least inferentially shows that the foreclosure action in Chelan. county did not result in any interference with the receiver's possession or control of the property which became subject to the receivership.

Plainly the record before us fails to show any abuse of discretion on the part of the superior court for King county in refusing to enjoin the prosecution of the foreclosure action of Fuller-Quigg Company in the superior court for Chelan county. This being our conclusion upon the merits of the controversy, it becomes unnecessary to notice other reasons urged by counsel for Fuller-Quigg Company why the order appealed from should not be disturbed.

The order appealed from is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.