[No. 14825.  Department Two.  January 10, 1919.]

ROY W. NEVIN, *Plaintiff*, v. PACIFIC COAST & NORWAY PACKING COMPANY, *Defendant.*
F. J. WILSON, *Petitioner and Appellant,* v.
E. SCHOENWALD *et al., as Receivers etc.,*
*Respondents.*[1]

PARTIES (43, 44)—METHOD OF BRINGING IN NEW PARTIES—CITATION.  In receivership proceedings, upon petition for an accounting and to discharge the receiver, parties other than the receiver cannot be cited to show cause on ten days' notice why they should not be brought in as parties defendants, as such substitute for summons would ignore the statute, Rem. Code, § 220.

RECEIVERS (75, 80)—ACTIONS—REMEDIES AGAINST RECEIVER IN RECEIVERSHIP.  Upon charges of fraud and collusion in the appointment of a receiver, challenging the validity of the receivership and all the orders made therein, involving others not parties, it is discretionary with the trial court to refuse to entertain a petition in the receivership and to relegate the petitioner to an independent action.

PARTIES (37)—NEW PARTIES—TIME FOR INTERVENTION.  A petition charging fraud and collusion in a receivership and seeking to bring in new parties is too late as a petition for intervention, when it was not filed until three years after appointment of the receiver and final judgment on plaintiff's claim.

Appeal from orders of the superior court for King county, Smith, J., entered January 14, 1918, vacating the petition of a stockholder for equitable relief and quashing service of the petition and an order to show cause, in receivership proceedings, after a hearing before the court.  Affirmed.

*E. M. Farmer,* for appellant.
*Winfield R. Smith,* for respondents Schoenwald *et al.*
*Sidney J. Graham,* for respondents Steberg *et al.*

PARKER, J.—F. J. Wilson, a stockholder in the Pacific Coast & Norway Packing Company, seeks, by his

[1]Reported in 177 Pac. 739.

petition filed in this action, in which receivers have been appointed for the company by the superior court for King county, to have the receivers removed and dispossessed of the property of the company in their hands; to compel an accounting by the receivers, particularly as individuals, and by certain named other parties, for all of the property of the company and the alleged earnings thereof which have come into their hands; and to have the order of the superior court appointing the receivers, and all orders of the court made in the receivership, set aside and held for naught, to the end that the company be restored to its possession and enjoyment of such property and the alleged earnings thereof. The relief sought by Wilson is rested upon the alleged collusion and fraud practiced by the receivers and the other parties named in the petition against whom it is directed, resulting in the bringing about of the receivership and the placing of the property of the company therein beyond the control of its officers. The case is before us upon Wilson's appeal from an order of the superior court sustaining the motion of the receivers to strike his petition from the files, and from an order sustaining motions of the other parties against whom the petition is directed to quash the order to show cause and service thereof upon them by which it was sought to obtain jurisdiction over them; such parties appearing specially for the sole purpose of making such motions.

In September, 1914, the plaintiff, Nevin, commenced this action in the superior court for King county against the defendant packing company, seeking recovery of a money judgment, and also seeking the appointment of a receiver for the defendant and its property. No one other than Nevin and the packing

company was a party to the action. The defendant was .
then a corporation organized under the laws of the
state of Minnesota, and was authorized to do, and was
doing, business in this state and in the territory of
Alaska, its principal business office being in the city of
Seattle, in this state. The defendant appeared in the
action and answered to the merits. Thereafter, on
September 16, 1914, the superior court entered its order
in the action appointing E. Schoenwald "receiver in
this action of all the property, assets and business of
the defendant." Soon thereafter Schoenwald duly
qualified as such receiver, taking his oath of office and
filing his bond as required by the order of his appoint-
ment. Soon thereafter the superior court appointed
S. T. Hills as a joint receiver with Schoenwald, who
also duly qualified as such. At all times since then
these receivers have continued to be the duly ap-
pointed, qualified and acting receivers for the property
and business of the defendant, administering its affairs
as such receivers in this action. In December, 1917,
more than three years after the appointment and quali-
fication of the receivers, and approximately three years
after they had taken possession of the larger part of
the property and business of the defendant situated
in this state and in Alaska, Wilson filed in this action
his petition praying for relief as above indicated. The
petition alleges as grounds for relief, in substance,
that the defendant packing company was not, at the
time of the appointment of the receivers, insolvent
or in danger of insolvency, and that there was no cause
then, nor any since, warranting the appointment of a
receiver for its property or business; that the appoint-
ment of the receivers was collusively and fraudulently
procured by false representations made to the court
by the receivers themselves and the other parties
named in Wilson's petition against whom he seeks

relief; that the purpose of all these parties in so procuring the appointment of the receivers was to "freeze out" certain of the stockholders of the defendant and gain possession of its property; and that the trustees of the defendant packing company have refused the relief asked by Wilson. Since it is apparent that the superior court refused to entertain the petition because the relief sought, even as against the receivers, should be sought in another independent action, and because the court did not acquire jurisdiction of the persons against whom relief is sought, other than the receivers, by its order to show cause and the service thereof, we think this is a sufficient statement of the allegations of the petition, the relief prayed for, and the parties against whom such relief is sought.

Upon the filing of the petition, the superior court issued its order to show cause, as a process to bring into the case all the parties named in the petition against whom relief was sought. This order was in usual form, directing the parties to show cause why the relief prayed for in the petition should not be granted, was made returnable ten days after its issuance, and was within that period served upon the parties against whom relief was sought. The parties, other than the receivers, appeared specially and made motions to quash the order to show cause and the service thereof as a process seeking to bring them into the case and compel them to respond to the petition, challenging the court's jurisdiction for want of proper process directed against and served upon them. The receivers moved to strike the petition from the files of the case upon the ground, in substance, that the court had not acquired jurisdiction of the other parties against whom relief was sought, that their presence in court was necessary to the determination of the matters presented in the petition, and that the matters so

presented were in no event properly determinable in this action, but should be heard and determined, if at all, in a separate action instituted for that purpose.

Did the court acquire jurisdiction of the persons, other than the receivers, against whom the petition was directed and from whom an accounting was sought? It seems to us that this question must be answered in the negative, since they, with the exception of Nevin, were not parties to the action before the filing of the petition, and they never became such by the issuance of a summons nor by any general appearance in the action. If the order to show cause and the service thereof can be said to be a sufficient process to bring these parties into the case as defendants, manifestly a defendant sued upon a simple debt obligation can be brought into the action as a defendant and compelled to answer or suffer a default against him by the issuance and service of a mere order to show cause, instead of by the issuance and service of a summons as prescribed by our statute relative to the commencement of civil actions. To permit such a method of procedure to be substituted for the issuance and service of a summons would be to ignore the plain provisions of the statute. Rem. Code, § 220. *State ex rel. Boardman v. Ball,* 5 Wash. 387, 31 Pac. 975, 34 Am. St. 866; *Cherry v. Western Washington Industrial Exp. Co.,* 11 Wash. 586, 40 Pac. 136; *State ex rel. Nolte v. Superior Court,* 15 Wash. 500, 46 Pac. 1031; *Interior Warehouse Co. v. Hays,* 91 Wash. 507, 158 Pac. 99. It seems quite clear to us that the quashing of the order to show cause and the service thereof was proper, and that the court's order to that effect must be affirmed. It is so ordered.

Was the court in error in refusing to entertain Wilson's petition by the striking of it from the files of the case upon the motion of the receivers made in that be-

half? It is difficult to view the contention of counsel for Wilson other than as being inconsistent. He argues that the receivership proceedings should be held void and of no effect upon the ground that they were brought about by fraud, and at the same time he asks that all the parties against whom the petition is directed be compelled to account in the receivership proceedings. We think, however, in view of the nature of the alleged relationship and concert of action between the receivers and the other parties, there was, in any event, a discretion vested in the trial court as to whether or not it would permit Wilson to seek the relief which he prays for as against the receivers in this action or relegate him to an independent action; in other words, assuming that the trial court might have entertained Wilson's petition in the receivership as against the receivers alone, whether or not it would do so was a matter within its discretion. *Meeker v. Sprague,* 5 Wash. 242, 31 Pac. 628; *Blake v. State Sav. Bank,* 12 Wash. 619, 41 Pac. 909; *Schwabacher Brothers & Co. v. Schade & Parshall Co.,* 99 Wash. 271, 169 Pac. 783. We think that the challenging of the validity of the receivership proceedings by Wilson from the beginning, and the seeking by him to set aside, upon the ground of fraud, all orders of the court made therein, was sufficient to warrant the court in refusing to entertain his petition for relief in this action.

Treating Wilson's petition as one directed against the receivers and the plaintiff herein alone, it possibly could have been entertained by the court as a petition for intervention, had it been timely filed, but having been filed three years after the appointment of the receivers and the commencement of the administering of their trust, and presumably about the same length of time following the entry of the final judgment upon the claim of the plaintiff, Nevin, in the action, the

record before us being silent as to the exact date of the judgment, the filing of the petition comes too late to be entertained even as one of intervention. *Wooding v. Wooding & Co.,* 10 Wash. 531, 39 Pac. 137; *Seattle & Northern R. Co. v. Bowman,* 53 Wash. 416, 102 Pac. 27; *Longmire v. Yakima Highlands Irr. & Land Co.,* 95 Wash. 302, 163 Pac. 782. We are of the opinion that the order of the superior court refusing to entertain Wilson's petition and striking it from the files of the case must be affirmed. It is so ordered.

By what we have said we do not want to be understood as in the least impairing Wilson's right, as a stockholder of the defendant packing company, to petition the superior court looking to the compelling of the receivers to properly account, as such, in the receivership, or to make any application to the trial court looking to the compelling of the proper performance of the duties of the receivers as such. His right to so apply to the superior court in this action is, of course, the same as that of any stockholder of the defendant packing company.

The orders appealed from are affirmed.

MOUNT and HOLCOMB, JJ., concur.