## MERRYWEATHER et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 19, 1926.)

No. 4728.

1. Receivers ⬅️174(1)—Receiver cannot be sued without court's consent.

When a court of equity appoints a receiver, for all the property of a corporation, the possession of the receiver is the court's possession, and its jurisdiction to administer the estate for those entitled to it is exclusive, and cannot be interfered with by another court, by suit brought by a claimant therein against the receiver without its consent.

2. Receivers ⬅️174(2)—Failure to obtain consent of court to sue its receiver is jurisdictional.

Under the rule of the federal courts, failure to obtain leave from a state court to bring suit against its receiver in a federal court is jurisdictional.

3. Courts ⬅️489(1)—Jurisdiction of federal courts of suits by United States not exclusive.

While the United States courts have original jurisdiction of suits at common law or in equity, whenever the United States is plaintiff, such jurisdiction is not exclusive.

4. Receivers ⬅️152—Receivership does not transfer title of any of the property to the United States, as holder of a preferred claim.

Appointment of a receiver for the property of an insolvent corporation does not transfer title to any of the property to the United States, though it asserts a claim to preference over other creditors, nor is it necessary to join

the United States as a party in the receivership suit in a state court, but in respect to its claim it has the same standing as other creditors whose claims must be submitted to the court.

**5. United States ⊜ 124—United States may appear in state court to protect its rights in pending suit (Rev. St. § 367 [Comp. St. § 542]).**

The United States may bring suit in a federal or state court to enforce contracts or protect its property, and under Rev. St. § 367 (Comp. St. § 542), it may, through the Department of Justice, appear for protection of its rights in any suit pending in either of such courts.

**6. Receivers ⊜ 174(1)—Federal court held without jurisdiction of suit by the United States against receiver appointed by state court (Rev. St. § 3466 [Comp. St. § 6372]).**

A federal court *held* without jurisdiction of a suit by the United States against a receiver appointed by a state court, brought without leave of such court, to establish and enforce its claim to preference for taxes against the estate of an insolvent corporation under Rev. St. § 3466 (Comp. St. § 6372).

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Suit in equity by the United States against Walter G. Merryweather, receiver of the Culton-Moylan-Reilly Auto Company and others. Decree for the United States, and defendants appeal. Reversed, with direction to dismiss bill for want of jurisdiction.

Danson, Lowe & Danson and R. E. Lowe, all of Spokane, Wash., for appellant Merryweather.

Chas. H. Leavy and E. J. Farley, both of Spokane, Wash., for appellants Spokane County and De Graff.

Donald F. Kizer, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash., for the United States.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This action was brought by the United States to establish a claim for income taxes, penalties, and interest as superior to all other claims against an insolvent corporation of which Merryweather had previously been appointed receiver in an action pending in the superior court of the state of Washington. It is alleged that the collector of internal revenue filed due proofs with the receiver, claiming the amount of taxes and penalties, and that the receiver refused to give priority to the claims over all other debts due by the cor-

poration, as provided in section 3466, Revised Statutes (Comp. St. § 6372). The receiver answered that the receivership proceeding was still pending in the state court, that the estate was not ready to be closed, that the claim of the United States was on file and before the court, and that the United States District Court was without jurisdiction to grant any relief.

By cross-complaint against Spokane county and the treasurer of that county, the receiver alleged that the duty of the treasurer was to collect taxes due the state of Washington and the county of Spokane and the school districts, and that such taxes were prior to all other claims, including those of the United States. He therefore prayed that the bill be dismissed, or, if the court assumed jurisdiction, that the priority between the United States and the cross-defendants be determined. The cross-defendants by answer alleged that certain real and personal property taxes were due the county, which unpaid taxes constituted a superior claim against the assets in the hands of the receiver, and prayed dismissal for lack of jurisdiction, or that the court adjudge their claims to be superior.

Upon receiving evidence, the court found that certain taxes, penalties, and interest were unpaid, and decreed that the receiver should give priority to the claim of the United States in preference to all other claims, except for such expenses in conducting the receivership as might be allowed by the court which appointed the receiver. The receiver and Spokane county took separate appeals.

[1] By thoroughly established rule, when a court, exercising jurisdiction in equity, appoints a receiver of all the property of a corporation, administration of the estate is assumed by the court. The possession of the receiver is the possession of the court, and the administration is by the court, acting through the receiver for the benefit of those who may be found by the court to be entitled to the estate. Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815. As a consequence the court which holds the estate and administers must decide whether it will determine for itself all claims against the receiver, or will permit suits to be brought and determined in other courts. And as said by Justice Gray in Porter v. Sabin, supra: "* * * No suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him."

The rule rests upon firm ground: One who brings suit against a receiver without

leave seeks some advantage over other claimants upon the assets held by the receiver. Should such a claimant bring his suit in another jurisdiction, and succeed in obtaining a judgment against the receiver, he would have a right to an execution against the property in the possession of the receiver, and in enforcing execution issued by one court could seize the property held in trust by the receiver in another court. Thus the property of an estate held in trust by a receiver could be taken and applied to the liquidation of the claim of the holder of the judgment, regardless of the claims of other creditors, or of the directions of the court which appointed the receiver. This would put the court which appointed the receiver in an attitude of helplessness in dealing with the assets lawfully taken into its possession, to be administered as a trust through the receiver. Durand v. Howard, 216 F. 585, 132 C. C. A. 589, L. R. A. 1915B, 998.

[2] Whether failure to secure from the one court leave to sue affects jurisdiction, or is but an irregularity, is a question upon which decisions are at variance. Many cases are collected in Tardy's Smith on Receivers, p. 2018. The Supreme Court of Washington Territory, in Brown v. Rauch, 1 Wash. 497, 20 P. 785, held that obtaining leave to sue was jurisdictional, but in Goodale Co. v. Valentine, 69 Wash. 263, 124 P. 691, and in Schwabacher Bros. Co. v. Schade et al., 99 Wash. 271, 169 P. 783, the Supreme Court of the state adopted a contrary view. But the generally accepted understanding of the decision in Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672, approved in Porter v. Sabin, supra, is that the Supreme Court holds that obtaining leave to sue is jurisdictional.

In Barton v. Barbour, supra, Barton brought suit in the Supreme Court of the District of Columbia against Barbour as receiver for a railroad company, a Virginia corporation, to recover for personal injuries received. The receiver filed a plea to the jurisdiction of the court, contending that he was receiver by virtue of a decree of a state court in Virginia; that plaintiff had not obtained leave of the state court to bring and maintain the suit. The court held that leave to sue should have been first obtained. Consideration was also given to the contention that want of leave to bring suit did not take away the jurisdiction of the court in which the suit was brought to hear and determine it, but only subjected the plaintiff to liability to be attached for contempt or to be enjoined from further prosecution of the suit; but the decision was that the receiver, having been appointed by the state court of Virginia, and the property in course of administration being in that state, and the suit having been brought in the District of Columbia, a foreign jurisdiction, for an injury received in Virginia, there was no jurisdiction in the District of Columbia to entertain the suit without leave having been obtained to bring it. The court cited Peale v. Phipps, 14 How. 368, 14 L. Ed. 459, where it was held that property in the hands of a receiver appointed by the court was in the custody of the court of which the receiver was an officer, and while it remained in the custody and possession of that court, awaiting its order and decision, no other court had a right to interfere with and wrest it from the hands of the agent and thereby put it out of his power to perform his duty. Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390; Wabash R. Co. v. Adelbert College, 208 U. S. 39, 28 S. Ct. 182, 52 L. Ed. 379; Moran v. Sturges, 154 U. S. 256, 275, 14 S. Ct. 1019, 38 L. Ed. 981; Links et al. v. Conn. R. B. Co., 66 Conn. 277, 33 A. 1003; Curtis v. Mauger, 186 Ind. 118, 114 N. E. 408; Reed v. Axtell, 4 S. E. 587, 84 Va. 231; High on Receivers, p. 223.

As especially apposite, we quote further from Porter v. Sabin, supra, where the court said: "The reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained, or the administration by that court of the estate in the receiver's hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory. The whole property of the corporation within the jurisdiction of the court which appointed the receiver, including all its rights of action, except so far as already lawfully disposed of under orders of that court, remains in its custody, to be administered and distributed by it. Until the administration of the estate has been completed and the receivership terminated, no court of the one government can by collateral suit assume to deal with rights of property or of action, constituting part of the estate within the exclusive jurisdiction and control of the courts of the other."

[3] While the United States courts have original jurisdiction of suits at common law or in equity wherein the United States is plaintiff, such jurisdiction is not exclusive. Interpretations of the Constitution settled that point many years ago. In Plaque-

mines Fruit Co. v. Henderson, 170 U. S. 511, 18 S. Ct. 685, 42 L. Ed. 1126, it was held that the words "judicial power," used in section 1 of article 3 of the Constitution, do not withdraw from the states authority to determine by their courts all cases and controversies to which the judicial power of the United States was extended and of which jurisdiction was not given to the national courts exclusively. "Nothing more," said the court, "was done by the Constitution than to extend the judicial power of the United States to specified cases and controversies, leaving to Congress to determine whether the courts to be established by it from time to time should be given exclusive cognizance of such cases or controversies, or should only exercise jurisdiction concurrent with the courts of the several states." Robb v. Connolly, 111 U. S. 624, 636, 4 S. Ct. 544, 28 L. Ed. 542; Foster's Fed. Prac. vol. 1, p. 27.

[4] Nor can we follow the argument of appellee that, when the property of the insolvent corporation was put into the hands of a receiver appointed by the state court, the property "in effect became that of the United States up to an amount sufficient to satisfy the claims of the government," and that the state court would have no jurisdiction to dispose of the property without making the United States a party, and that, as it could not force the United States into its court, no adjudication could be made concerning the property claimed by the United States. The receivership did not transfer title of any of the property to the United States; nor does the claim of the government for a preference over all other creditors give a superior standing with respect to the title to the property in the custody of the court. The state of Washington and the county of Spokane, claiming rights of priority, have equal rights to be considered in respect to their claims. It is for the court to decide which shall be first paid, and for the receiver to obey the decision.

[5] We do not think it necessary to implead the United States or any other creditor. The property itself being in the custody of the court, the collector of internal revenue, a ministerial officer, has performed his duty in filing the claim for unpaid taxes. In re Tyler, 149 U. S. 164, 187, 13 S. Ct. 785, 37 L. Ed. 689. Of course, as a sovereign, the United States may not be sued; but as a corporation or body politic they may bring suit to enforce contracts and protect their property in the state courts, or in their own

tribunals administering the same law, and also as owners of property they may seek protection by the local laws. United States v. Graff, 67 Barb. (N. Y.) 304; Cotton v. United States, 11 How. 229, 13 L. Ed. 675; Ferris v. Chic-Mint Gum Co. (Del. Ch.) 124 A. 577. As relevant, there is section 367 of the Revised Statutes (Comp. St. § 542), which expressly provides that an officer of the Department of Justice may attend to the interests of the United States in any suit pending in any of the courts of the United States or in the courts of any state. [6] Our conclusion being that, in the absence of a showing that leave to sue has been obtained, jurisdiction was lacking, it is ordered that the decree be reversed, with directions to dismiss the complaint.

Reversed.