SAMUEL M. REGISTER, Appellant, vs. THE STATE OF MINNESOTA, ex rel., &c., Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

Fraud in disposing of a trust fund cannot be reached and punished by proceedings for contempt in not obeying an order to pay it over to a receiver. The proceedings can only extend to punishing the Defendant for contumaciously refusing to obey the order.

An order in such proceedings, directing the Defendant to be imprisoned until the payment of the money, is an appealable order.

This was a proceeding in the District Court of Washington County, to compel the Defendant, Register, to show cause why he should not be punished, as for contempt, in neglecting

and refusing to pay over to the relator, the receiver in a certain action pending in said Court, a certain balance found against him on an accounting in said action, amounting to $877.12.

Upon the hearing under the order to show cause, and after proofs *pro* and *con.*, the Court imposed a fine of $10, and it further appearing to the Court that it was not in the power of the Defendant to deliver and pay over said balance, it was adjudged that he be imprisoned in the common jail of Washington county, there to remain charged with the said contempt, until he should have delivered and paid over said balance, with interest, &c., unless the Court shall see fit sooner to discharge him, &c.   The Defendant appeals.

Points and Authorities of Appellant.

I.—The case disclosed by the record is not one in which the process for contempt lies, the judgment being for the recovery of money.  *Comp. Stat.*, *p.* 568, *sec.* 84; *Remedy by Sup. Proceedings.*

II.—The statute contemplates the examination of witnesses, *pro* and *con*, and a determination thereupon.  Here there was no such examination, but the investigation began and ended with the foundation affidavits, and the answer of Register verified.  *Comp. Stat.*, *chap.* 81, *secs.* 11 *and* 12.

It will be claimed that as the order recites of the " examination" of Register, and the " taking proof" for and against, it is to be presumed that testimony was taken.  This is false in fact, and as no diminution is suggested, the presumption is in accordance with the fact in this case that the " proofs " are the affidavit of service, notice, demand and refusal, &c., and the examination of Register is the interrogatories and the answer.  The Judge's decision does not speak of testimony but of proofs and examination.

III.—This process does not lie for a simple refusal or neglect, but only in cases of contumacy.

IV.—The Court has determined against the evidence.  The answer was sufficient, and if insufficient, should have been excepted to, otherwise its sufficiency is admitted.  All that is

required of the answer is, that it responds to the interrogatories. By introducing no evidence the truth of the answer is conceded. 1 *Atk.*, 53; 1 *Vesey*, 538; *Cooper's P. L. marg. paging*, 318, 319; 4 *Scammon, pp.* 20, 56, 146; 1 *John. Ch. R.*, 103, 107; *Cooper's Pl., Title Answer, marg. p.* 213.

V.—The order appealed from is appealable. It is a final order affecting a substantial right. The appeal is, in any event, brought in time, because no notice has ever yet been served. *Sess. Laws*, 1861, *p.* 133.

Points and Authorities of Respondent.

I.—The appeal in this case should be dismissed, because,

1st. The order from which the appeal is attempted to be taken is not only not an appealable order, but is not an order in the above entitled action, there being none such.

2d. That even if the order was an appealable one, such an appeal should have been taken within fifteen, or at most sixty days, from the making of the same. *Stat. Minn., p.* 673, *sec.* 25; *Folsom vs. Evans et al.,* 5 *Minn.*, 418; 10 *U. S. Dig.* (*ar.* 16.), *p.* 142, *sec.* 11; 11 *ib.,* (*ar.* 17), *p.* 132, *sec.* 10; *Balt. and Ohio R. R. vs. Wheeling,* 13 *Grattan* (*Va.*), 40.

II.—There is no record in this Court from or by which the Court can determine whether there was or was not error in the action of the Court below; and the proceeding below was not merely the hearing of a motion, but a trial upon the order to show cause.

III.—The proceeding for a contempt is addressed to the judgment and discretion of the Court in which the contempt is alleged to have been committed, and cannot be reviewed on appeal or revised by another tribunal, except in cases of want of jurisdiction. *The People ex rel. vs. Nevins,* 1 *Hill.*, 154-165; 1 *U. S. Digest, p.* 169, *sec.* 104, *and cases cited*; 15 *B. Mon.*, 607; 14 *Ark.,* 538, 544.

IV.—This Court, even should it assume the right to review the action of the Court below, must presume that all the proceedings in the Court below were regular; and it not appearing to the contrary, the proofs on the trial were sufficient to warrant the Court in the finding and order which it made.

*Leamon vs. Derryea,* 1 *Kernan,* 324; *The People vs. Nevins,* 1 *Hill,* 154.

V.—The Defendant's answers to the interrogatories propounded to him, are wholly inadmissible, and are in themselves a contempt, as they attempt to contradict the finding of the Court that he did have in his hands the sum of $877.12 of trust fund.

VI.—The fund being a trust fund, it was the duty of the Defendant to keep it separate from his other business, and the law presumes that he has done so; and therefore the only means of excusing himself was to have specially accounted for what had become of it, and merely to answer that he did not have it at the date of the order, and could not get it, is wholly insufficient and affords no relief against the charge of contempt or contumacy.

BRISBIN & WARNER, Counsel for Appellant.

COOPER & CROWELL, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.—The order committing the Defendant for contempt is appealable.

The case does not show a contempt of the Court by the Defendant. It does not appear that it was in the power of the Defendant to perform the act required of him, save by the legal presumption that the trust fund remained in his hands, which presumption is fairly overcome by the testimony of the Defendant. The fraud the Defendant may have been guilty of in disposing of the trust fund, if such was the case, cannot be reached and punished by proceedings for contempt, in not obeying the order to pay it over to the receiver. These proceedings can only extend to punishing the Defendant for contumaciously refusing to obey the order. We think the Defendant fairly purges himself of the charge of disobedience, by showing inability to comply.

There is an adequate remedy for improperly disposing of a trust fund by a trustee, or person acting in a fiduciary capacity. The party has mistaken his remedy if he intended to accomplish that end by proceeding in contempt. It may ap-

pear that the fund was lost to the trustee in a manner not involving him in culpability, or even responsibility, pecuniarily, when the question is properly presented.

The order is reversed and the Defendant discharged from custody.