[No. 656.   Decided December 13, 1892.]

THE STATE OF WASHINGTON, *on the relation of George H. Boardman, Receiver, Respondent,* v. HARRY M. BALL, *Appellant.*

#### CONTEMPT—VOID ORDER OF COURT.

The fact that a summons has been served upon a person as president of a bank, in an action against such corporation, does not make him individually a party to such action, and an order of the court adjudging that he wrongfully took securities from the safe of defendant prior to the commencement of the action, which he must return to the receiver appointed therein, or be punished as for a contempt of court, is void.

*Appeal from Superior Court, Pierce County.*

Proceeding in contempt based upon the failure of appellant to comply with a judgment in an action by E. A. Lorenz against the First Bank of Orting, in which the relator had been appointed receiver.

*R. B. Lehman,* and *B. F. Heuston,* for appellant:

In order to a valid judgment a party must have been brought into court in the manner prescribed by statute, and without such proceeding the judgment is, as to him, a nullity. *Ex parte Hollis,* 59 Cal. 405; *White v. Gates,* 42 Ohio St. 109; *Bank v. Pugsley,* 47 N. Y. 368; *Perry v. Mitchell,* 5 Denio, 537; *Rodman v. Henry,* 17 N. Y. 482; *State v. Harper's Ferry Bridge Co.,* 16 W. Va. 864.   It is

not a contempt of court to disregard a void order or judgment. *Ex parte Fisk*, 113 U. S. 713; *Brown v. Moore*, 61 Cal. 432; *In re Ayers*, 123 U. S. 443; *Ex parte Rowland*, 104 U. S. 604; *In re Sawyer*, 124 U. S. 200.

*Doolittle & Fogg*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.— The learned judge who tried this cause seems to have proceeded upon the theory that the judgment rendered in the case of Lorenz *v.* First Bank of Orting was binding upon the appellant, to the extent at least of authorizing the court to include therein the order complained of, simply because the appellant was, at that time, an officer of the defendant corporation.

This is, we think, an erroneous conception of the law applicable to the case.   The appellant was not a party to that action, was not served with process therein, and no relief was asked as against him.   The mere fact that the summons was served upon him as a representative of the defendant for that purpose did not make him a party to the action.   Such service was for the purpose of bringing the defendant bank into court, and for that purpose and no other it was effectual. *Ex parte Hollis*, 59 Cal. 405.

By what authority, then, did the court adjudge that the appellant wrongfully took the securities in question from the safe of the defendant, prior to the commencement of the action, and that he should return them to the receiver? Obviously the court had no such authority, and the order was therefore void.

It is true that property in the possession of a receiver is deemed to be in the custody of the court, and anyone who, with notice of the receiver's appointment, in anyway interferes with his possession is liable to punishment as for a contempt of court.   Beach on Receivers, § 245.   But the

receiver takes only the property the defendant has at the time.   If he finds property belonging to the defendant, not in his possession or under his control, but in the possession of a third person who refuses to deliver it upon demand, he must either proceed by action in the ordinary way to try his right to it, or the plaintiff should make such third person a party to the action, and apply to have the receivership extended to the property in his hands, so that an order for the delivery of the property may be made which will be binding upon him, and which may be enforced in a summary way by process of contempt, if not obeyed. Beach on Receivers, § 216.

In this case the evidence shows clearly that the notes, at the time appellant was ordered to deliver them to the receiver, and also at the time he was adjudged guilty of a contempt of court and committed to prison for failing to comply with the order, were in the custody of the National Bank of the Republic, and by it held as a pledge to secure the payment of an indebtedness from the defendant in the original action.    And this fact being undisputed, it follows that appellant would have been excused for not delivering them to the receiver, even if the order to do so had been a valid one. *Register v. State*, 8 Minn. 214.

We are of the opinion that the judgment in this proceeding is neither supported by law nor warranted by the evidence. It is therefore reversed and the appellant discharged.

SCOTT, HOYT, STILES and DUNBAR, JJ., concur.