Ex parte Blasco.

Solicitud para que se expida mandamiento de Habeas Corpus.

No. 39.—Resuelto en Noviembre 14, 1904.

Habeas Corpus—Sentencia—Procedimiento.—En un procedimiento de Habeas Corpus ha de presumirse que la sentencia por virtud de la cual se encuentra detenido el peticionario, y los procedimientos que dieron por resultado tal sentencia, están ajustados á ley, mientras no se pruebe lo contrario.

Id.—Prisión Ilegal.—En una solicitud de *Habeas Corpus* deben expresarse las causas por las que el peticionario alegue estar privado ilegalmente de su libertad.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Martínez Quintero.*

Abogado del Pueblo: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la siguiente opinión del Tribunal.

La presente es una solicitud para el auto de habeas corpus presentado por el Sr. Lcdo. J. E. Martínez, en representación de Alfredo Blasco, que está detenido en la Cárcel del Distrito de San Juan. La vista de la presente causa tuvo lugar ante el Tribunal completo en el día 11 de Noviembre de 1904.

El Abogado defensor del demandado alegó, en el acto de la vista, que el preso debía ser absuelto porque la sentencia carecía de los requisitos legales. El informe del Alcaide de la Cárcel demuestra que detiene al preso bajo dos sentencias.

Ambas sentencias consignan la pena impuesta al demandado, las cuales había de cumplir en la Cárcel del Distrito de San Juan. La primera de esta sentencias, ó sea la número 507, de la Corte de Distrito de Arecibo, condena al demandado á dos meses de cárcel y al pago de cien dollars de multa sufriendo éste tres días de cárcel por cada tres dollars que dajare de satisfacer. La segunda, ó sea la número 625, lo condena á mes y medio de cárcel. Ambas sentencias demuestran que los delitos de los cuales ha sido declarado culpable son contra las Leyes de Rentas Internas de Puerto Rico. Las sentencias no dicen nada de los hechos particulares de que se le acusa. Sin embargo, toda intención de dichas sentencias debe presumirse á favor de las mismas. Es de presumirse que el preso fué debidamente acusado, y que los dictámenes de la Corte consignan las razones por las cuales fué condenado. El preso evidentemente tuvo noticia de los delitos imputádoles, y si él ó su abogado defensor creyeron dudosos los expedientes de la Corte de Distrito de Arecibo, éstos estaban á su disposición para examinarlos. No era preciso que el Alcaide de la Cárcel supiera más de lo contenido en las cópias de la misma, que sometió en su informe, para la ejecución de las sentencias. El informe no es muy satisfactorio, puesto que no dice la fecha en que empezó el término de su condena. Si dicho término empezó en la fecha de la última sentencia, ó sea el día 2 de Febrero de 1904, parece que el preso habia ya cumplido nueve meses de cárcel cuando la pena impuesta por ambas sentencias en junto no pasaría de cinco meses.

Sin embargo, la solicitud es peor que el informe. Esta consigna que habian seis sentencias numeradas 481, 482, 484, 488, 506 y 507. También dice que fué acompañada por copias de las sentencias. Es imposible determinar de estos autos que el preso fué detenido ilegalmente. La solicitud debia haber demostrado las sentencias y la manera que las consideraba defectuosas.

No habiendo encontrado razón alguna para absolver al

suplicante, la solicitud debe denegarse, y el preso debe seguir bajo la custodia del Alcaide José V. Berrios.

*Denegada.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados Hernandez, Figueras y MacLeary.