Paniagua, Alonso y Flores, Peticionarios y Apelante el Primero, y El Pueblo de Puerto Rico, Opositor y Apelado.

No. 2339.—*Visto:* Noviembre 6, 1924. *Resuelto:* Enero 20, 1925.

1. Cortes—Cortes de Récord—Jurisdicción—Presunción de Jurisdicción.—En las cortes de récord la presunción de jurisdicción existe hasta que se demuestre claramente lo contrario.

2. Habeas Corpus—Revisión de Procedimientos de Desacato—Validez de la Orden que Motivó la Condena.—En ausencia de la demanda, prueba y sentencia en un pleito principal, precursor de los procedimientos de desacato, el Tribunal Supremo no puede expresar en un procedimiento de *habeas corpus,* si la orden cuya infracción motivó la condena por desacato se dictó sin jurisdicción.

3. Habeas Corpus—Revisión de Procedimientos de Desacato—Requisito.—En un auto de *habeas corpus* no pueden ser revisados los procedimientos de desacato a menos que se demuestre que la corte carecía de jurisdicción sobre la persona o sobre la materia.

4. Desacato—Mandamiento de Prisión—Suficiencia del Mismo.—Un mandamiento de prisión que contiene una orden de una corte competente en un procedimiento y muestra la naturaleza del acto de desobediencia a esa orden, es bastante autoridad para el alcaide.

5. Id. — Cumplimiento de Orden Judicial — Certiorari para Revisarla, Pendiente de Apelación—Efecto.—Dictada una orden en un pleito principal contra un demandado, el hecho de que presente un *certiorari* y éste esté pendiente de resolución no releva al demandado de cumplir con la orden dictada.

6. Id.—Desobediencia de Ordenes Judiciales — Corporaciones—Personas que Pueden Castigarse.—Cuando una corporación bancaria cobra indebidamente fondos que se deben a un síndico, o desobedece una orden, los funcionarios relacionados en el asunto pueden ser castigados por desacato en vez del banco.

7. Desacato—Id.—Ordenado un banco, por una corte, a pagar una cantidad indebidamente cobrada, el hecho de que haya pagado parte de la misma no exime a una parte del desacato a que fué castigada por desobedecerla, si el déficit se debe al acto ilegal del peticionario.

8. Id.—Persona Contra la Cual Puede Librarse la Orden de Desacato.—Si una persona es el gerente de un banco y como tal hace un cobro que la corte ordena al banco consignar en el tribunal, aquélla es un funcionario

del banco y especialmente la persona contra la cual una orden de desacato puede librarse.

9. HABEAS CORPUS — JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO — CUESTIONES A CONSIDERAR.—Si el procedimiento por desacato es un desacato civil o criminal, es cuestión que no puede considerarse generalmente en un procedimiento de *habeas corpus;* la distinción entre desacatos civiles y criminales no es evidente en Puerto Rico.

10. PRISIÓN POR DEUDA — ORDEN JUDICIAL SOBRE ENTREGA DE DINERO — DESOBEDIENCIA Y CASTIGO.—El requerir a un banco o a su gerente que entregue dinero que ha sido indebidamente cobrado y castigar la desobediencia, no es una prisión por deuda.

### RECONSIDERACIÓN

#### *Resolución* de marzo 31, 1925.

1. DESACATO—LIBRAMIENTO DE ORDEN CASTIGANDO EL DESACATO—CORTES DE JURISDICCIÓN GENERAL—PRESUNCIÓN DE JURISDICCIÓN.—Cuando se libra una orden por una corte de jurisdicción general, castigando a una persona por desacato por su negativa a obedecer una orden dictada en un pleito mencionado en dicha orden, surge la presunción de que la corte tiene jurisdicción sobre la materia objeto de la acción y que el pleito al cual se refiere la negativa a obedecer estaba dentro de dicha jurisdicción.

2. HABEAS CORPUS—JURISDICCIÓN PROCEDIMIENTOS Y REMEDIO—APELACIÓN.—Los procedimientos de un recurso de *certiorari* sólo pueden servir para traer a la corte de apelación cuestiones que ya constan en autos y no pueden servir al peticionario para incorporar prueba en el procedimiento de *habeas corpus.*

RESOLUCIÓN del Juez Asociado *Hon. Carlos Franco Soto,* declarando sin lugar el recurso de *habeas corpus. Confirmada.*

*Angel Arroyo Rivera,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante, en una apelación contra una resolución que declara sin lugar su petición de *habeas corpus,* señala doce errores. La mayor parte de estos señalamientos de error directa o indirectamente atacan la jurisdicción de la Corte de Distrito de San Juan para dictar la orden por virtud de la cual fué citado el peticionario por desacato, y por tanto debemos primero examinar la transcripción para ver si contiene prueba suficiente que demuestre que la corte de distrito carecía de tal jurisdicción. Como la Corte de Distrito de San Juan es una corte de récord, la presunción de jurisdicción existe hasta que se demuestre claramente lo contrario.

La Corte de Distrito de San Juan, según muestra el diligenciamiento, declaró culpable al apelante de un desacato por dejar de cumplir con una orden.   No tenemos duda de que cuando una corte de distrito carece de jurisdicción sobre una persona o de la materia en controversia, la persona declarada culpable de desacato puede obtener su libertad mediante un auto de *habeas corpus.*

El apelante, ante el Juez Franco Soto, a quien fué presentada la solicitud de *habeas corpus,* ofreció como prueba los procedimientos de un recurso de *certiorari* que había sido negado por este tribunal.   La negativa del juez a oir prueba en cuanto a la admisibilidad de este récord fué nominalmente que él podía tomar conocimiento judicial del mismo.

De la transcripción aparece que el Juez Asociado Sr. Franco entendió que el expediente de *certiorari* se ofrecía para fines limitados y principalmente para demostrar que mientras está pendiente el auto de *certiorari* en esta corte la sentencia de la corte de distrito quedaba suspendida y las partes relevadas de su efecto obligatorio, o alguna proposición equivalente.   El apelante en ningún momento ofreció dicho expediente de *certiorari* para demostrar el estado de los procedimientos en la corte de distrito.   No hubo ofrecimiento de probar la demanda, prueba y sentencia de la corte de distrito en el caso principal, precursor de los procedimientos de desacato.

El primer señalamiento de error se refiere a la negativa del Juez Franco a admitir prueba en cuanto a la sentencia de la corte inferior.   Aun cuando el juez estuviera equivocado al creer que podía tomar conocimiento del expediente de *certiorari* sin más prueba, no vemos cómo ese expediente de *certiorari* podría tender debidamente a demostrar los procedimientos en el pleito principal.   El *certiorari* había sido denegado.   Los autos certificados de la corte de distrito presuntivamente habían sido devueltos a la misma. El error del Juez Franco, si alguno cometió en este sentido,

no perjudicaba.   Esta no era la forma ordinaria, de ser permisible, de probar cualquier estado del procedimiento en la Corte de Distrito de San Juan.   Es verdad que el apelante también ofreció como prueba los procedimientos en el caso de desacato.   El no ofreció, sin embargo, estos procedimientos para probar la naturaleza del pleito principal.   No hay señalamiento de error, expresamente por este fundamento, y el mismo apelante expresa que la negativa del Juez Franco a admitir el procedimiento de desacato era de menos importancia que la negativa a admitir el expediente de *certiorari*. La negativa del Juez Franco a admitir los procedimientos de desacato se fundó en el hecho de que lo que se trataba de probar estaba ya ante (la corte) por virtud del diligenciamiento.   Además, el error, de haber alguno, no era perjudicial debido a la falta de un ofrecimiento suficiente.

No tenemos ante nuestra consideración en este caso ni la demanda, ni la prueba o sentencia en el pleito principal. Sin estos récords ante nos no podemos decir positivamente cuál fué la naturaleza exacta de la acción seguida en la corte de distrito.   No podemos expresar, por tanto, que la orden que se supone fué infringida se dictó sin jurisdicción.   Por el contrario, la jurisdicción debe asumirse.   Asumiendo jurisdicción en dicha corte de distrito, el Juez Franco evidentemente tuvo razón al resolver que en un procedimiento de *habeas corpus* no hay que investigar sobre la actitud asumida por la corte al castigar por desacato.   La transcripción ante nos no revela que el Juez Franco tuvo algo ante su consideración que demuestre que dicha corte de distrito carecía de jurisdicción.

Es evidente que debido a la falta de una base adecuada no estamos en condiciones de revisar la mayoría de los señalamientos de error.   La imposibilidad de revisar es aplicable al segundo señalamiento de error.   El Juez Franco resolvió que en un auto de *habeas corpus* generalmente no pueden ser revisados los procedimientos de desacato.   No tenemos duda alguna de la ley en este sentido.   *Ex parte*

*Pesquera,* 17 D.P.R. 736; *Ex parte Le Hardy,* 17 D.P.R. 1024; *Ex parte Hollis,* 59 Cal. 406, citado por el apelante. Para quedar comprendido el apelante dentro de la excepción tendría que demostrar que la Corte de Distrito de San Juan carecía de jurisdicción.

El tercer señalamiento de error asume aparentemente que la jurisdicción de la Corte de Distrito de San Juan para castigar por desacato debe aparecer del mandamiento y contestación al auto de *habeas corpus.* El mandamiento contenía una orden de una corte competente en un procedimiento. Indicaba más. Mostraba la naturaleza del acto de desobediencia a la orden de la corte. Era bastante autoridad para el alcaide.

En cuanto a los alegados derechos del Banco de San Juan a los cuales se refiere el cuarto señalamiento de error, no vemos cómo el mandamiento muestra por sí mismo si era o nó culpable de desacato el banco. El desacato dependería de la jurisdicción en el caso principal, cuya falta no ha sido demostrada. El apelante insiste en que el caso principal era de naturaleza legal y no de equidad y que los poderes de la Corte de Distrito de San Juan no eran "de equidad" pero éstos son hechos que no pueden ser resueltos sin los autos en el pleito principal. Si el último, por ejemplo, tenía por objeto reivindicar una finca y todas las conversiones de la misma, como el juez de la corte de distrito insinúa en su opinión, entonces cualquier actuación del apelante por la cual tales fondos convertidos fueron separados de la custodia del síndico nombrado en el caso pueden ser recuperados por este último. El banco estaba ante la corte y el apelante era evidentemente su administrador. El hecho de que el *certiorari* momentáneamente suspendía el efecto de la sentencia, no favorecía al banco. Estando pendiente la resolución del procedimiento de *certiorari,* el banco y sus funcionarios estaban obligados a respetar la sentencia, y tenía que asumirse que el síndico nombrado después de la sentencia tenía facultad para conservar el fondo,

fondos o propiedad convertida: Ninguna de estas cosas, como fué resuelto por el Juez Franco, podía considerarse por auto de *habeas corpus,* asumiendo, como debemos, la jurisdicción de la corte de distrito.

El quinto señalamiento expresa que la corte no tenía jurisdicción sobre la persona del apelante. Los procedimientos, sin embargo, muestran que el apelante era el director del banco, el demandado en el pleito principal y que a dicho banco ordenó la corte pagar una cantidad específica, a lo cual se negó. El apelante comenta el hecho de que no aparecía del diligenciamiento que él era el administrador o director del banco. Cualquier silencio en los autos ante nuestra consideración militaría en contra del apelante, toda vez que no tenemos ningún entero conocimiento del alcance del pleito principal o de los procedimientos subsiguientes al mismo. La petición original, sin embargo, bajo la letra ''C'' de sus razonamientos para la ilegalidad de la prisión del entonces peticionario alegaba que la orden impugnada se dirigía únicamente a Bartolomé Paniagua, Gerente del Banco de San Juan. El resto de la petición trata de alegar la buena fe y otra justificación de dicho gerente. La petición enmendada hace manifestaciones semejantes, y lo mismo el alegato. Verdaderamente que el alegato en la página 5 admite que Paniagua era el gerente y funcionario del banco. El Juez Franco tenía derecho a asumir que el apelante no solamente era un funcionario del banco sino el gerente. Además, fué el apelante, sea cual fuera su capacidad, quien cobró el dinero. Si fué notificado como funcionario o agente del banco o como individuo particular, importa poco. El fué notificado y al banco o sus directores se les ordenó que entregaran el dinero al síndico y no tenemos nada ante nuestra consideración, si sirve la defensa, que demuestre que el peticionario formuló la debida queja de cualquier falta de notificación.

Se cita el caso de *State ex rel. Boardman* v. *Ball,* 31 Pac. 975. Estamos enteramente de acuerdo, al igual que en ese

caso, en que el apelante no quedó hecho parte en el pleito principal, meramente porque se le notificara la citación. Se admite, sin embargo, que la orden para entregar los fondos al síndico fué notificada al apelante. Este último, según aparece, había sido el funcionario que cobró los dineros que el Juez Foote creyó debían ser devueltos al síndico. Si el apelante, suposición que no está excluída en los autos, no era parte en el pleito principal, se le llevó a los procedimientos directa y expresamente en relación con la entrega del dinero al síndico y al parecer como funcionario o de otro modo se negó a verificar el pago. Además, como hemos dicho, él era el funcionario principal interesado en el cobro. En el caso de *Boardman, supra,* el presidente del banco no adoptó una posición adversa al síndico. El meramente se negó a traspasar la propiedad que estaba realmente en posesión del banco. Los fondos no vinieron a su posesión o no fueron cobrados como aquí *post motam liten.* El apelante era la principal persona interesada en el litigio. No encontramos una verdadera analogía en el caso de Boardman. Mientras no estemos bien convencidos de lo contrario, nos sentiremos obligados a declarar que cuando una corporación cobra indebidamente fondos que se deben a un síndico, o desobedece una orden, los funcionarios relacionados en el asunto pueden ser castigados en vez del banco. Véase en relación con esto a "Thompson on Corporations," edición de 1894, tomo 5, sec. 6450.

La presente inhabilidad del banco para cumplir con la orden de la corte no consta del diligenciamiento o del mandamiento. No aparece que el banco fuera insolvente ni siquiera que lo fuera el apelante. Si se examina la orden de la corte de distrito en el incidente de desacato, se verá que la corte ordenó al banco consignar en la corte unos $800 indebidamente cobrados. La alegación de la actual incapacidad quizá aparece en dicha orden, pero no la incapacidad real. Si el apelante cobró ciertas sumas de dinero del banco bajo una reclamación de derecho y pagó otras ciertas su-

mas para conservar la propiedad, de ahí no se infiere que el dinero satisfecho fué la cantidad exacta pagada o que el apelante o el banco no tiene otro dinero para substituir el dinero realmente cobrado. Nos inclinamos a convenir, sin embargo, con el fiscal en que si el déficit se debió al acto ilegal del apelante, este déficit no puede alegarse que exime al apelante del desacato. Esto resuelve el sexto señalamiento de error.

El séptimo señalamiento de error también se refiere a algunas de las cuestiones anteriormente discutidas. Hasta dónde era responsable el apelante por los actos del banco, dependería de lo que había ocurrido en el pleito principal. Somos de opinión, sin embargo, de que si el apelante era el gerente del banco y como tal funcionario hizo el cobro que la corte ordenó al banco consignar en el tribunal, el apelante es un funcionario del banco y especialmente la persona contra la cual una orden de desacato podría librarse.

Respecto a si el procedimiento contra el apelante por desacato es un desacato civil o criminal, es cuestión que no puede generalmente considerarse en un procedimiento de *habeas corpus.* En el caso de *Gompers* v. *Buck Stove, etc., Co.,* 221 U.S. 418, citado por el apelante para demostrar la diferencia que existe entre un desacato civil y uno criminal, la revisión se hizo con motivo de un auto de *certiorari.* En el presente caso, de la indicación de la opinión del juez y de la forma del mandamiento, que es por un período definido de 15 días, es evidente que la corte de distrito procedía contra el apelante por un desacato estatutorio que por su naturaleza tal vez es criminal. En el caso de *Gompers, supra,* se indica que la distinción entre un desacato civil y uno criminal no siempre es fácil, pero toda la cuestión en Puerto Rico está regulada por nuestros estatutos. La ley de marzo 8, 1906, estatutos de ese año, (p. 32) prescribe lo siguiente:

"Sección 3. (146) Cuando se comete un desacato a la inmediata presencia y vista de una Corte de Justicia, podrá imponerse

en el acto el correspondiente castigo por el Juez de la Corte o Juez Presidente de la misma. Cuando se acusa a una persona de desacato cometido fuera de la presencia de la Corte, no podrá declarársele convicta sin habérsele dado previamente oportunidad para comparecer y defenderse del cargo. Siempre que alguna persona fuere multada o encarcelada por desacato a una Corte deberá firmarse por el Juez sentenciador una orden o mandamiento para dicha multa o prisión, consignándose en el mismo el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia del Tribunal, sin lo cual dicha sentencia quedará enteramente nula y sin efecto.''

La sección 4 deroga el artículo 145 del Código Penal. El referido artículo 145 permitía un proceso por desacato como por un delito, pero la ley de 1906 dejó toda la facultad para castigar por desacato como tal expresa y exclusivamente en manos de la corte. La distinción entre desacatos civiles y criminales es por tanto aun menos evidente en Puerto Rico. Todo lo que la sección 3 requiere es que a la supuesta persona ofensora se le dé aviso y oportunidad para defenderse en la forma prescrita por la ley. Por tanto, el título del procedimiento no es de importancia en tanto el acusado pueda identificar el procedimiento. En el referido caso de Gompers sólo se insiste en que hubiera sido propio titular la causa *Estados Unidos* v. *Samuel Gompers et al.* o *In Re Samuel Gompers et al.,* pero la decisión no dependía de la cuestión del título. El apelante aquí, como se dijo en ese caso, podía ver si el procedimiento se seguía ''para un pleito privado o para un proceso público, o si el objeto era beneficiar al demandante o vindicar la autoridad de la corte.'' Se ordenó al banco traspasar ciertos fondos y fué la desobediencia de esta orden lo que se castigaba.

El décimo y undécimo señalamiento de error se refieren al hecho de que el síndico pudo haber recuperado el dinero cobrado mediante una acción. Sostenemos que aunque así pudiera recobrarse, no tenemos lo suficiente ante nuestra consideración para decir que la corte no podía llegar a los

fondos mediante una orden para mostrar causa y entonces castigar la desobediencia.

El duodécimo señalamiento de error se refiere a una alegada prisión por deuda. No consta que esta cuestión fuera levantada en el procedimiento de desacato y este privilegio constitucional debe ser debidamente levantado y puede ser renunciado. Incidentalmente podemos añadir que el requerir a un banco o a su gerente que entregue dinero que ha sido indebidamente cobrado y castigar la desobediencia, no parece ser una prisión por deuda. El castigo no es por dejar de pagar una suma debida por virtud de un contrato o *ex contractu,* sino por haber rehusado entregar al síndico el cobro ilegal, una obligación *ex delicto,* lo que la corte inferior resolvió que sólo tiene derecho a cobrar el síndico.

Hasta el momento de redactar este párrafo habíamos asumido implícitamente que teníamos el debido certificado de la prueba aducida ante el Juez Franco. Alguna cuestión que surgió en la discusión en cuanto al objeto de los varios ofrecimientos del apelante durante la vista del auto nos hizo examinar los autos más detenidamente y encontramos que no hay ningún certificado de clase alguna del Juez Franco. Es evidente que el apelante no debió haber descansado en el taquígrafo solamente sino que si él quería hacer que su ofrecimiento se conociera debió haber solicitado del Juez Franco que hiciera adiciones o que hubiese certificado toda la prueba.

Como no consta ninguna infracción del procedimiento o falta de jurisdicción según aparece de la faz de los autos certificados a nosotros, *debe confirmarse la resolución apelada.*

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE MARZO 31, 1925.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Una moción de reconsideración trae ante nuestra consideración varias cuestiones que discutiremos brevemente.

No hay duda alguna de que para que un alcaide de cárcel pueda justificar la detención de una persona tiene el deber de demostrar que está en posesión de una orden dictada por una corte de competente jurisdicción. Por supuesto que no dijimos en nuestra opinión, como expresa el peticionario, que se presume que es legal la orden por virtud de la cual un alcaide retiene a una persona. No surge semejante presunción. Lo que sí sostenemos es que cuando se libra una orden por una corte de jurisdicción general, castigando a una persona por desacato por su negativa a obedecer una orden expedida en un caso particular que se menciona en dicha orden, surge la presunción de que la corte tenía jurisdicción sobre la materia objeto de la acción y que el pleito al cual se refiere la negativa a obedecer estaba dentro de dicha jurisdicción. Art. 327 del Código de Enjuiciamiento Criminal, *Ex parte Blasco,* 7 D.P.R. 469. De otro modo sería necesario en todo caso de *habeas corpus* mostrar la citación, la naturaleza de la demanda y otros particulares por los cuales se confiere la jurisdicción. Este principio está resumido en cierto modo en el tomo 29 de Corpus Juris, p. 167, a saber:

"La presunción de la legalidad y regularidad de los procedimientos judiciales surge cuando una persona que se encuentra encarcelada por virtud de una orden o mandamiento de una corte, solicita un remedio contra la misma mediante *habeas corpus;* pero tal presunción puede ser rebatida."

Cuando un testigo se niega a contestar una pregunta y se le condena por desacato como en el caso *Ex parte Hoar,* 147 Cal. 132, debe demostrarse la facultad de la corte para obligar a que se dé la contestación particular; en otras palabras, su jurisdicción por el desacato. Ya hemos discutido que, dada la jurisdicción de la corte para nombrar un síndico y ordenar el pago a este último de dinero que ha sido cobrado indebidamente, el hecho de tal cobro indebido aparecía suficientemente en la orden de encarcelación.

Las razones por las cuales discutimos algunos de los señalamientos de error, no obstante la falta de una exposición

del caso, aparecen suficientemente explicadas en nuestra opinión principal. Quizá si algo de ella era incidental (*obiter*). Esto no puede afectar .a la omisión del apelante en preparar la debida exposición del caso y hacer que se apruebe por el Juez Asociado Sr. Franco. No importa que en algún otro caso no se diera forma a las declaraciones de los testigos una vez que estén ante esta corte. El abogado está obligado a conocer el método de incorporar la prueba y hacerla formar parte de los autos.

En cuanto a la indicación que se hizo en la vista de que podría proceder un *certiorari* para traer a esta corte cosas que de otro modo no están ante nuestra consideración y la referencia al caso de *Ex parte Lange,* 18 Wall. 163, tal *certiorari* sólo podría servir al peticionario para traer a esta corte cuestiones que ya constan en autos y no podrían servirle para incorporar la prueba.

Para dar al peticionario una oportunidad de arreglar sus asuntos, el mandato se retendrá por tres días más.