## MULLENDORE v. AMERICAN SURETY CO. OF NEW YORK.

Circuit Court of Appeals, Ninth Circuit.
July 16, 1928.

Rehearing Denied August 20, 1928.

No. 5379.

1. **Removal of causes ⬅11—Controversy between state receiver and one claiming preference held not within original jurisdiction of federal District Court, and hence not removable (31 USCA § 191).**

Controversy between receiver of county bank appointed by state court and one claiming preference against assets of insolvent bank on ground that it became subrogated to rights of United States, a preferred creditor under Rev. St. § 3466 (31 USCA § 191), *held* not removable to federal court, since federal District Court had no original jurisdiction of such a proceeding.

2. **Courts ⬅500—State receivership court cannot be deprived of its jurisdiction without its consent either by direct suit against receiver or by removal to federal court.**

Jurisdiction to determine all questions of priority and preference in state receivership is vested in the state receivership court, of which jurisdiction court cannot be deprived without its consent either by direct suit against state receiver or by removal to federal court.

3. **Removal of causes ⬅106—General appearance by state receiver in removal proceeding held not to give federal court jurisdiction over controversy between claimant and receiver.**

Since federal District Court was without jurisdiction of controversy between state receiver and one claiming preference, general appearance by receiver in proceeding to remove to federal court could not give such court jurisdiction.

Appeal from the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Suit by the American Surety Company of New York against H. Mullendore, as receiver of the Wibaux County Bank, Mont. From a decree granting an injunction, the receiver appeals. Motion to dismiss appeal denied, and decree reversed.

Charles H. Loud and William B. Leavitt, both of Miles City, Mont., for appellant.

Sterling M. Wood and Robert E. Cooke, both of Billings, Mont., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree granting an injunction pendente lite, restraining a receiver from carrying out or obeying an order of the state court by which he was appointed. The appellant was appointed receiver of the Wibaux County Bank by the district court of the Seventh judicial district of the state of Montana, in and for the county of Wibaux, at the suit of the Attorney General of the state, and was, at the time of the entry of the decree complained of, charged with the duty of liquidating the affairs of the bank, collecting its assets, and making distribution among its creditors, under the direction and supervision of the appointing court. The appellee presented to the receiver a preferred claim against the bank in the sum of approximately $30,000, basing its claim of preference on the fact that it became subrogated to the rights of the United States, a preferred creditor under section 3466 of the Revised Statutes (31 USCA § 191). The claim was allowed by the receiver and by the state court as a common or general claim, but the claim of preference was disallowed. Thereafter the receiver presented a petition to the state court, setting forth the claims allowed against the bank, both common and preferred, that he had money in his possession sufficient in amount to pay a dividend of 5 per cent. on all general claims and the balance due on all preferred claims, and praying for an order requiring all persons interested to appear before the court and show cause why distribution should not be made. Upon this petition an order was made fixing the date of hearing and requiring all parties in interest to appear and show cause why the prayer of the petition should not be granted. It was further ordered that a copy of the order be served on the appellee and another indemnity company in the same manner as a summons in a civil action, and that due return of service be made. Before the time fixed for the hearing had expired, the appellee filed a petition for the removal of the controversy between the appellant and itself into the United States District Court for the District of Montana, accompanied by a proper bond. The state court ignored the petition for removal, and made an order directing the payment of dividends substantially as prayed. Thereupon the appellee filed the removal papers in the court below, accompanied by a bill of complaint setting forth the proceedings in the state court, the removal proceedings to the United States District Court, the action of the state court in disregarding the removal proceedings, and prayed for a decree enjoining the receiver from complying with the terms of the order of the state court until the final hearing, and that upon final hearing the injunction be made permanent. Upon this bill of complaint, an order was made requiring the receiver to show cause why an injunction

should not be granted. The receiver appeared and among other things objected to the jurisdiction of the court below, on the ground that the consent of the state court to the prosecution of the suit had not been sought or obtained, but the injunction was granted as prayed.

[1, 2] Briefly stated, the appellee contends that the controversy between itself and the receiver is a suit within the meaning of the removal statute, that there is the requisite diversity of citizenship and the requisite amount in controversy. We may concede all this, but still there could be no removal unless the suit or proceeding was one of which the District Court of the United States was given original jurisdiction, and we are convinced that original jurisdiction did not exist. A similar question was presented to this court in Merryweather v. U. S., 12 F.(2d) 407, in a slightly different form. There the United States sued a receiver appointed by a state court to establish a preference for certain taxes due the United States, and after full consideration this court held that the suit could not be maintained without leave of the state court and that the federal court was wholly without jurisdiction. The only difference between the two cases is this: In the former, the government attempted to establish its preference in a direct suit against the receiver without leave of the state court, while here the appellee is attempting to accomplish the same result without leave of the state court, under color of a removal from the state court. But jurisdiction to determine all questions of priority and preference is vested in the receivership court, and of that jurisdiction it cannot be deprived without its consent, either by direct suit against its receiver or by a removal to a federal court. In other words, unless the state court grants leave to pursue a different course, the appellee must prosecute its claim to a final decree in the highest court of the state, and, if the decision there is against a right asserted under the Constitution or laws of the United States, it may seek a review in the Supreme Court. No other course is open to it.

[3] The appellee has interposed a motion to dismiss the appeal upon the ground that, since the taking thereof, the receiver appointed by the state court has by a general appearance submitted to the jurisdiction of the United States District Court in the proceeding removed into that court, and that the proceeding in which the injunction was granted was merely ancillary to the proceeding theretofore removed into the United States District Court. But it goes without saying that no act of the receiver could divest the state court of any part of its jurisdiction, and, as there was no jurisdiction in the United States District Court over the proceeding removed into it there could in the nature of things be no jurisdiction over a proceeding that was only ancillary thereto.

The motion to dismiss the appeal is therefore denied, and the decree is reversed.