## M. H. HUSSEY LUMBER CO. v. PUGET SOUND SAW MILLS & SHINGLE CO.

District Court, W. D. Washington, N. D. January 6, 1930.

No. 712.

118

Kerr, McCord & Ivey, of Seattle, Wash., for complainant and receiver.

Stratton & Kane, of Seattle, Wash., for defendant.

W. H. Abbott, of Bellingham, Wash., for First National Bank of Bellingham.

NETERER, District Judge. The trustee for the bondholders prays permission to sue the receiver in foreclosure of the trust deed upon defendant's property.

The appointment of a temporary receiver at the suit of the plaintiff, M. H. Hussey Lumber Company, claiming indebtedness in excess of $300,000, upon consent of the defendant, Puget Sound Saw Mills & Shingle Company, was made to conserve the property, and did prevent the removal and severance from the mill plant of a 1,600 KW, 3-phase, 480-volt Allis-Chalmers Turbo generator and equipment connected with it, having a value in excess of $23,000 above the cost of installation upon the concrete base, covering 25x50 feet, which was about to be done. The purpose and intent of the generator is to generate electric power for the operation of the entire mill plant, upon which there is unpaid $7,862.48, together with interest, an held under conditional sales contract.

The property of defendant, it was stated to the court, has a listed value of $1,350,000. The floating indebtedness is something in excess of $300,000, and unpaid industrial insurance premiums of $15,000 and personal and real property tax of approximately $60,000.

The receiver, two days following his appointment, made a preliminary report, in which he stated that all of the property of the defendant company is included within a trust deed to secure a bonded indebtedness of $600,000. The receiver was directed to keep in operation the sprinkler system to protect the insurance upon the mill property in the sum of $500,000, and to keep watchmen at the plant at Bellingham, and likewise at the subsidiary plant at Concrete, Wash.

While the trustee for the bondholders was not a party to the proceeding, did not consent to the receivership, nothing was done by the bondholders to conserve the property, and the removal of the generator would have been a direct loss of many thousand dollars, and would have greatly damaged the value of the mill property and reduced the market value of the property, and greatly depreciated the security of the bondholders and destroyed all possibility of refinancing the indebtedness of the defendant, in process of consummation, as represented to the court, due to be conclud-

ed within 30 days from the date of the temporary receivership. The bondholders, the court understood, were in harmony with the proceeding and lending aid to its consummation.

When this court, through its temporary receiver, took possession of the property of the defendant company, it was withdrawn from the jurisdiction of other courts. See Lion Bonding & S. Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Dayton v. Stanard, 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190. See, also, Johnson v. So. Bldg. & Loan Ass'n (C. C.) 132 F. 542; Georgia v. Jesup, 106 U. S. 458, 1 S. Ct. 363, 27 L. Ed. 216. Any attempt to disturb the court's possession, without leave first obtained, is contempt of court upon the part of the person making it. Wiswall v. Sampson, 55 U. S. (14 How.) 52, 14 L. Ed. 322. See, also, Grosscup v. German Savings & Loan Soc. (C. C.) 162 F. 947. In Merryweather v. United States, 12 F.(2d) 407, 408, the Court of Appeals, through Judge Hunt, said: "By thoroughly established rule, when a court, exercising jurisdiction in equity, appoints a receiver of all of the property of a corporation, administration of the estate is assumed by the court. The possession of the receiver is the possession of the court. * * * 'No suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him.'"

This was followed in Mullendore v. American Surety Co. (C. C. A.) 27 F.(2d) 572. In Spokane County v. United States, 279 U. S. 80, 49 S. Ct. 321, 324, 73 L. Ed. 621, Chief Justice Taft, speaking of the Merryweather decision, said that the court had determined that the federal tax was ahead of the state tax, "but the judgment was reversed for lack of jurisdiction because the jurisdiction of the state courts had first attached."

The trustee for the bondholders may not sue the receiver in foreclosure without the court's permission. This court has, however, uniformly held that the majority in number and amount of lien creditors should have the right, where the liens cover the entire property, to control the procedure, if they elect to foreclose by decree rather than liquidate through the receivership, especially where, as here, the immediate liquidating value appears less than the lien claims. But, as a condition to such permission, the expenses of the electric power in the Bellingham plant to operate the sprinkler system to keep in force the fire insurance, and the watchmen employed at Bellingham and at the Concrete plant neces-

sary to conserve the property, and which inured directly to the benefit of the bondholders under the trust deed, must be paid or recognized as a preferred lien. See Bank of California v. Clear Lake Lumber Co., 146 Wash. 543, at page 567, 264 P. 705. The bondholders have all the benefit of having the mortgaged property cared for and kept in condition, and all of the proceedings in this court inure to their benefit.

The expense incident to the qualification of the receiver, including the premium on his bond and out-of-pocket expenses, must also be paid by the trustee or recognized as prior claim, and the receiver should be compensated as a keeper of the property, as the court could not function other than through a receiver, who was absolutely necessary to save the property. This compensation I think should be fixed at $10 a day.

This court did, likewise, immediately upon the filing of the preliminary report of the temporary receiver, direct the parties to the action and the receiver to immediately take steps to pay the amount due on the conditional sales contract, to the end that the creditor may receive the value of its property, which was its due, without delay, and, if necessary, the court would direct the issuance of receiver's certificates therefor, since this was absolutely necessary for the preservation of the property, and would be a preferred lien. This I think should be disposed of without unnecessary delay by the trustee, which it may no doubt do under the conditions of its trust deed.

In Central Trust & Savings Co. v. Chester County Electric Co., the Chancery Court of Delaware, 9 Del. Ch. 247, 80 A. 801, at page 804, said: "Where, as here, it appears that a receiver has been appointed for an insolvent corporation and the receiver has rendered services in caring for the property of the company, * * * the * * * receiver * * * will be entitled to some compensation from the fund arising from the sale of the mortgaged property, if the other general assets are not sufficient for a proper compensation, even though the proceeds of sale be insufficient to pay the bonds."

In the instant case there is no other property, and all the services rendered directly inured to and benefited the bondholders. The parties hereto also have declined to file bond in this case to pay the receiver's compensation, where the services did not directly inure to the benefit of the bondholders, in the event a sum sufficient to pay such compensation is

not realized from the assets on liquidation above the bonded and preferred claims.

An order may be presented granting permission to sue in the state court, this court not having jurisdiction to entertain the suit, on condition that the claims of the watchmen and claims for electrical energy, premium on receiver's bond, and out-of-pocket expenses, and $10 a day to the temporary receiver as keeper of the property from the date of his appointment until the filing of the action in the state court, be paid or recognized as preferred claims, on which date the jurisdiction of this court over the property will be suspended and the temporary receiver relieved of further responsibility therefor, and plaintiff, on the next motion day, January 13, 1930, at the incoming of court, show cause why the temporary receiver should not be discharged.