UNITED STATES OF AMERICA v. SEBRING, Bank Com'r.

No. 31419. March 7, 1944.

Rehearing Denied April 4, 1944.

*147 P. 2d 161.*

Norman M. Littell, Asst. Atty. Gen., of Washington, D. C., Charles E. Dierker United States Atty., and John Brett, Asst. United States Atty., both of Oklahoma City, and Norman MacDonald and John C. Harrington, Attorneys, Department of Justice, both of Washington, D. C., for plaintiff in error.

John H. Poe, of Tulsa, for defendant in error.

OSBORN, J. This is an appeal by the United States of America from a judgment of the district court of Pawnee county refusing to vacate a prior order and judgment of said court wherein it had determined that the claims hereinafter referred to and asserted herein by the government were common claims,

and not preferred claims, against the assets of the First Commerce Bank of Ralston, an insolvent banking corporation theretofore taken over by the State Bank Commissioner under state statutory authority.

It appears that R. D. Colombe had theretofore been appointed guardian of the estates of Ida Drexel and Verna Drexel, and as such guardian he had in his possession as a part of the assets of said estates two certificates of deposit issued by said bank payable to him as guardian, one for the sum of $2,400 and the other for the sum of $1,800. He had been discharged as guardian on May 6, 1932, and had been ordered by the county court of Osage county to turn over all of the assets of said estates to the special disbursing agent of the Osage Indian Agency at Pawhuska; and pursuant to said order, on May 9, 1932, he indorsed and delivered said certificates of deposit to said disbursing agent. The superintendent, on June 4, 1932, and thereafter during June and July, endeavored to cause the bank to pay said certificates to it (although same were not by their terms due), but he was unsuccessful in his efforts in this respect, and on August 1, 1932, the bank was declared insolvent and the State Bank Commissioner took charge of said bank and its assets, and thereupon filed a proceeding in the district court of Pawnee county numbered 8219, styled "In the Matter of the Liquidation of the First Commerce Bank of Ralston, Oklahoma, Insolvent."

Litigation developed as to certain other funds on deposit in said bank which was finally determined in what was known as No. 837, Equity, in the federal court, and a stipulation was entered into between the attorney for the Bank Commissioner and an Assistant United States Attorney, to whom the matter of claims arising on said certificates of deposit above mentioned had been referred, the effect of which was that the facts involved in the Drexel claims were the same as in No. 837, Equity, above referred to, and that the rules of law determinative therein should govern in the Drexel matter. The right of the Assistant United States Attorney to enter into the stipulation is challenged herein, but on account of the view we take of the governing principles of law, we shall not further detail the facts on this point. But this recitation is material for the purpose of explaining the further proceedings and the delay incident to a determination of the rights of the parties herein. If such Assistant Attorney was without authority to enter into said stipulation, it is admitted that no one ever called such lack of authority to the attention of the Bank Commissioner or his attorney or to the attention of the district court of Pawnee county. A claim of priority of payment out of the assets of said bank had been asserted by the government authorities and had been taken up with the attorney for the Bank Commissioner and he had declined to agree to such priority. All proceedings were held in abeyance for several years while the suit No. 837, Equity, was pending in the federal courts and which was finally determined in 1936. (See United States v. Johnson, C.C.A. 10th Cir., 87 F. 2d 155.)

On July 30, 1937, upon application of the Bank Commissioner for the determination of various and sundry claims, preferred and common, the district court of Pawnee county entered a finding, order, and judgment decreeing that the claims arising on said certificates of deposit were common claims, and not preferred claims, against the assets of said bank. Said judgment is very lengthy, but we insert herein that portion of same relating to these claims:

"The court further finds that a claim was filed with the Department of the Interior by R. D. Colombe, Guardian of Ida and Verna Drexel, Osage Wards of the Federal Government, covering Certificate of Deposit No. 2061 for $2,-400.00, issued payable to R. D. Colombe, Guardian for Ida Drexel, also included Certificate of Deposit No. 2092 for $1,-800.00 drawn payable to R. D. Colombe, Guardian of Verna Drexel, making a total claim of $4,200.00. That the same was filed with the Department of the

Interior as a preferred claim and the Liquidating Agent of this insolvent bank was notified of such filing and that said claim would also be in force as a preferred claim against the assets of the First Commerce Bank of Ralston, which facts the court finds constituted the filing of same as a preferred claim with the Bank Commissioner in the Liquidation of this Bank. The court further finds that this claim is similar to those involved in the case which went to the Circuit Court of Appeals and which were held not to be preferred claims by the Circuit Court, and for that reason this court is of the opinion that said claim of R. D. Colombe, Guardian of Ida and Verna Drexel, Osage Wards, be disallowed as a preferred claim, but allowed as a common claim against the assets of said bank.

"It is, Therefore, Ordered, Adjudged and Decreed by this court that the claim filed herein by R. D. Colombe, Guardian of Ida and Verna Drexel, Osage Wards, in the sum of $4200.00, be, and the same is hereby disallowed as a preferred claim, but allowed as a common claim against the assets of said bank."

A copy of said order and judgment was on October 26, 1937, sent to the Department of the Interior and to the United States Attorney for the Northern District of Oklahoma, who had charge of same on behalf of the government.

In January, 1938, the United States Attorney filed a suit in the District Court of the United States for the Northern District of Oklahoma, but same was dismissed because the Bank Commissioner was not a resident of said district. In April, 1938, a similar action was filed in the Federal Western District of Oklahoma, but same was dismissed on May 6, 1941, because the court held that the state district court had first acquired jurisdiction over the assets of the bank in the pending liquidation proceedings. On January 15, 1941, this proceeding was filed as an independent proceeding, praying to have the judgment in the liquidation case vacated on the ground that the said court had been misled as to the facts and the law, and praying that the claims be approved as preferred claims instead of common claims as had theretofore been determined by the court.

The Bank Commissioner has pleaded the prior judgment as res judicata and challenges the sufficiency of the allegations of the petition and the proof offered to vacate said judgment.

When the Bank Commissioner took charge of the assets of the insolvent bank, he became the statutory liquidator thereof and subject to the orders of the district court of Pawnee county. He became virtually that court's receiver for the purposes specified and all claimants to said assets became parties to said proceeding in the sense that they were required to present their claims to said forum for adjudication, and the fact that the United States of America as trustee might be a claimant to a portion of said assets did not relieve it of the necessity of asserting its claims in said forum. United States v. Bank of New York & Trust Co., 296 U. S. 463, 80 L. Ed. 331; Mullendore v. American Surety Co. (C.C.A.), 27 F. 2d 572; Merryweather v. U. S. (C.C.A.), 12 F. 2d 407; See, also, Yeargain v. Shull, 149 Okla. 221, 300 P. 303.

Jurisdiction having been committed to the district court of Pawnee county, its order had the effect of a final judgment constituting res judicata and could be attacked on the same grounds only that other judgments are subject to attack. Pure Oil Co. v. State ex rel., 188 Okla. 575, 111 P. 2d 494. Under the last-cited case, the grounds relied on herein to vacate said judgment are insufficient.

Affirmed.