**PEOPLE OF THE STATE OF NEW YORK, Plaintiffs,**

v.

**NATIONAL CANCER HOSPITAL OF AMERICA, DeHaan, Inc., Arthur H. Levien, Edward C. Everton, Jules Roloff, Lorettamary Gibson and William F. Everton, Defendants.**

United States District Court
S. D. New York.

Aug. 14, 1956.

Jacob K. Javitz, Atty. Gen. of New York, for plaintiffs.

Ramey & McKelvey, New York City, for National Cancer Hospital of America.

Whitman Knapp, New York City, for Receiver, Bethuel M. Webster.

CASHIN, District Judge.

This is a motion by the People of the State of New York to remand to the Supreme Court of the State of New York, County of New York, a petition by a State Court receiver to distribute *cy pres* to various charitable organizations in New York, funds originally contributed in New York State to the National Cancer Hospital.

The action was originally commenced on November 2, 1950 by the People of

the State of New York against the National Cancer Hospital, a Michigan corporation, DeHaan, Inc. and officers, agents or employees of the corporate defendants. The relief requested was (1st) to enjoin all of the defendants from soliciting, collecting, receiving or acquiring any moneys or other thing of value in New York State by or on behalf of the National Cancer Hospital; and (2nd) to enjoin the National Cancer Hospital from exercising, in the State of New York, any corporate rights, privileges or franchises without first procuring the proper authority. On June 9, 1953, during the trial of the action, the plaintiff amended its complaint to request the appointment of a receiver of the property and assets of the National Cancer Hospital in New York, with power to dispose of said assets cy pres on his accounting. Prior to the commencement of trial the action had been severed as against DeHaan, Inc., the professional fund-raisers, and its agents, officers or employees and proceeded against the National Cancer Hospital and its agents, officers or employees.

After trial, judgment was entered against all defendants as prayed for in the complaint as amended. The Supreme Court, Appellate Division, First Department, modified the judgment to the extent of striking therefrom the decretal paragraph directing the distribution cy pres of the funds in the receiver's hands, after his accounting. The memorandum decision of the Appellate Division specifically provided for an application for such distribution to be made at a more appropriate time. 285 App.Div. 871, 137 N.Y.S.2d 827. The judgment, as modified by the Appellate Division, was affirmed by the Court of Appeals without opinion (1 N.Y.2d 802, 153 N.Y.S.2d 63).

On July 6, 1956 the receiver made an application for an order directing cy pres distribution by means of a petition in the original action. The National Cancer Hospital removed the action to this Court on the grounds of diversity of citizenship and the existence of federal questions.

The chief basis of the National Cancer Hospital's argument in opposition to the motion to remand is that the application of the receiver is an action de novo wherein only the receiver, as the plaintiff, and the Hospital, as defendant, are parties. The Hospital argues that in this action a completely new issue is to be tried, namely, the title to the funds in the hands of the receiver. The Court does not view the application of the receiver in this light.

The prime issue in the original action was whether the collection of the funds presently being held by the receiver was legal under the laws of New York. The present judgment is a finding that it was not. The appointment of the receiver, and his taking possession of the assets of the National Cancer Hospital, were an integral part of the original action. The present application is merely ancillary thereto. In such a case the Federal Court will not accept jurisdiction to determine conflicting assertions to funds in custodia legis. Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Goldberg, Bowen & Co., Inc., v. German Insurance Co., C.C., 152 P. 831; Mullendore v. American Surety Co. of New York, 9 Cir., 27 F.2d 572, certiorari denied 278 U.S. 653, 49 S.Ct. 178, 73 L.Ed. 563.

The defendant also argues that federal questions are involved because an adverse determination in the present action would deprive it of its property without due process of law, and would deprive it of the equal protection of the laws. The mere assertion of such a vague possibility in the petition for removal is not, of course, sufficient to vest the Federal Court with jurisdiction over the action.

The motion is granted. Settle order on notice.