NATIONAL CANCER HOSPITAL OF AMERICA, Plaintiff,

v.

Bethuel M. WEBSTER, as Receiver, Defendant.

United States District Court
S. D. New York.
June 24, 1957.

Ferris, Adams & Creidy, New York City, for plaintiff. Albert Adams, New York City, of counsel.

Whitman Knapp, New York City, for defendant. David Simon, New York City, of counsel.

DAWSON, District Judge.

This motion involves the question as to whether this Court has jurisdiction of an action brought to compel a receiver appointed by a State court to turn back to the plaintiff money and properties which have been vested in the defendant, as receiver, by order of the State court. A collateral issue raised by the motion is whether this Court has jurisdiction of an action to restrain the receiver from complying with an order of the State court which directs disposition by the receiver of monies and property now in his control.

On November 2, 1950 The People of the State of New York instituted an action against the National Cancer Hospital of America (plaintiff herein) and others, in the Supreme Court of the State of New York, to restrain this hospital and its officers from doing business in the State of New York and to enjoin them from soliciting funds in the State because of the failure of the corporation to maintain adequate corporate and financial records and because of the fact that the letters of solicitation used in connection with soliciting funds made false statements. The judgment of the Supreme Court of the State of New York enjoined defendants from soliciting funds, from exercising rights in New York without first obtaining a certificate of authority, and appointed Bethuel M. Webster (defendant herein) as receiver, who was directed to conserve the funds of the National Cancer Hospital and, after paying expenses, to distribute the funds cy pres to various cancer organizations. This order of the Supreme Court of the State of New York was affirmed by the Appellate Division which modified the order by providing that the cy pres distribution should be postponed until an appropriate time. People v. National Cancer Hospital of America, 1954, 284 App.Div. 935, 135 N.Y.S.2d 619, modified 1955, 285 App.Div. 871, 137 N.Y.S.2d 827. The order as modified was affirmed by the Court of Appeals, 1956, 1 N.Y.2d 802, 153 N.Y.S.2d 63, 135 N.E.2d 596.

The receiver duly qualified and took possession of the known assets of the defendant and made various necessary disbursements by specific authority of orders of the State court.

On July 6, 1956 the receiver, believing that the appropriate time had arrived, made his application to the Supreme Court of the State of New York for authority to distribute part of the funds held in his custody as receiver. At this point the National Cancer Hospital filed a petition in this Court to remove the New York action to this Court. The People of the State of New York and the receiver then made a motion to remand the action to the State court upon the grounds, among others, that the action was one between the State of New York and National Cancer Hospital, and that this Court was without jurisdiction over the subject matter. The motion to remand was granted by Judge Cashin. In his opinion Judge Cashin said, 153 F.Supp. 484, 485, among other things, that in a case such as this the federal court will not accept jurisdiction "to determine conflicting assertions to funds in custodia legis." After the case was remanded to the State court the receiver prosecuted his petition for authority to disburse the funds. A hearing was held in that court. Thereafter the court entered an order, dated January 18, 1957, directing the receiver to make specific payments to certain named hospitals and enumerated institutions for cancer research.

On June 11, 1957 the instant action was commenced in this Court. The action seeks the following relief:

"1. Declaring that the said moneys acquired by the Receiver and now held by him in various depositories in the State of New York, and, as well, the said cause of action in favor of the plaintiff and against DeHaan, Inc. and Levien, have at all times constituted and still are the property of the plaintiff in which the defendant has no interest whatever;

"2. Enjoining and restraining the defendant from distributing or otherwise disposing of any moneys or property now in the custody of the defendant or under his control;

"3. Directing the defendant forthwith to surrender to the plaintiff any and all money or property in his custody or under his control;

"4. Such other and further relief as to the Court may seem just and proper."

The defendant has now moved, pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint on the ground that this Court lacks jurisdiction over the subject matter and on the further ground that there is failure to join an indispensable party, i. e., The People of the State of New York. At the same time plaintiff has moved, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a temporary injunction to restrain the receiver during the pendency of this action from distributing any monies acquired by him as receiver and from taking any steps which would destroy or interfere with the *status quo* relative to any of the assets of the plaintiff.

If the Court refuses to exercise jurisdiction over the subject matter of the action, then dismissal of the complaint would be proper and the motion for preliminary injunction should be denied.

In essence, the plaintiff is seeking to have this Court overturn a decision and judgment of the Supreme Court of the State of New York, which has been affirmed by the highest court of that State, and which authorized the receiver to take into his possession the funds of the plaintiff, and also seeks to have this Court set aside a supplemental order of the Supreme Court of the State of New York issued in the course of those proceedings which authorized the receiver, after paying expenses, to distribute the funds remaining in his hands to certain designated organizations and institutions in accordance with the *cy pres* doctrine. If, as the plaintiff contends, such orders and judgments were improperly granted by the State court, or resulted in the deprivation of plaintiff's property without due process of law, the remedy of plaintiff was, of course, an appeal in the State court proceeding, and if necessary an application for a writ of certiorari to the Supreme Court of the United States. Plaintiff has apparently not sought to avail itself of these remedies but instead seeks to have this Court act as a separate appellate tribunal and review the actions of the courts of the State of New York. It is well established that once a state court has acted a federal court will not accept jurisdiction to determine conflicting claims to funds in *custodia legis*. See United States v. Bank of New York & Trust Co., 1936, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; Commonwealth of Pennsylvania v. Williams, 1935, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841; Byers v. McAuley, 1882, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Mullendore v American Surety Company of New York, 9 Cir., 1928, 27 F.2d 572, certiorari denied 1929, 278 U.S. 653, 49 S.Ct. 178, 73 L.Ed. 563. The motion to dismiss the complaint is granted.

The second ground upon which defendant urges dismissal of the complaint is the failure to join an allegedly indispensable party, The People of the State of New York. Under the circumstances, it is not necessary to pass upon the validity of this second defense.

The motion for a preliminary injunction is denied. So ordered.